UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:17-cv-60879-JEM

JP MORGAN CHASE BANK NATIONAL
ASSOCIATION, AS SUCCESSOR TO
WASHINGTON MUTUAL BANK,

        Plaintiff,

v.

JUAN M. GOMEZ and RAFAEL BURGOS-
VAZQUEZ,

        Defendants.
_____/

**MOTION TO STRIKE NOTICE OF REMOVAL AND/OR FOR REMAND FOR LACK OF SUBJECT MATTER JURISDICTION , ALTERNATIVELY, MOOTNESS AND FOR ADDITIONAL RELIEF AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff, JP MORGAN CHASE BANK, NA, as successor to Washington Mutual Bank ("Plaintiff"), moves this Court for an order striking the Notice of Removal [D.E. 1] filed by Juan M. Gomez ("Gomez") and Rafael Burgos-Vazquez ("Burgos-Vazquez") (together referred to as "Defendants") and requests that this Court remand this case to the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, Case Number 08-34579 and award additional relief, and in support thereof states as follows.

### I.    INTRODUCTION

In a last minute effort to delay service of a writ of possession finally obtained by Plaintiff over eight years after it was awarded a final state court foreclosure judgment issued on January 5, 2009 in an amount exceeding $10 million, Defendants have yet again removed the state court litigation to this Court. This latest removal—like two previous attempts—should be rejected by

this Court. Indeed, on May 1, 2017, this Court rejected Defendants' second attempt to remove concluding that the time to remove the state foreclosure action had long expired.

Simply put, Defendants have engaged in a baseless and concerted effort since 2009 to abuse the court systems (state and federal) to prevent Plaintiff from completing the eviction process and selling the subject property to satisfy at least part of the foreclosure judgment obtained by Plaintiff in 2009. Their latest attempt to delay should be swiftly rejected by this Court because: 1) the request is untimely under 28 U.S.C. § 1446(b); 2) the state court has already entered a final judgment in favor of JPMC and as a result, this Court lacks subject matter jurisdiction; and 3) there is no live case or controversy since a final judgment has been entered. Moreover, an order requiring pre-filing review of any future requests for removal is warranted under these circumstances.

## II.     PROCEDURAL HISTORY AND BACKGROUND

### A.     The Foreclosure Action and Various Appeals

1. On July 29, 2008, WaMu, predecessor in interest to JPMC filed a foreclosure action seeking to foreclose its interest in a certain mortgage upon real property located at 900 South North Lake Drive, Hollywood, FL 33019 (the "Property") securing an indebtedness due from Juan M. Gomez in the original principal amount of $10 million (the "Loan").

2. On September 25, 2008, WaMu failed, and JPMC acquired certain WaMu assets, including the Loan.

3. A Final Summary Judgment of Foreclosure ("Foreclosure Judgment") was entered in favor of JPMC as successor to WaMu and against Gomez on January 5, 2009 in the foreclosure action styled as *JP Morgan Chase Bank, National Association as successor to*

*Washington Mutual Bank*, Case # 2008 CA 034579 (14) (hereinafter "the State Court Action"). A true and correct copy of the Foreclosure Judgment is attached hereto as Exhibit "A."

4.  Gomez filed three Notices of Appeal on June 8, 2015, on May 27, 2016, and on November 10, 2016, respectively, during the course of the State Court Action. The initial appeal docketed on June 9, 2015 with the Fourth District Court of Appeal ("Initial Appeal") was *sua sponte* dismissed on July 15, 2015, for failure to comply with Court orders and subsequently reinstated. On March 23, 2016, the Fourth District Court of Appeal dismissed the Initial Appeal in a per curiam opinion[1]. The second appeal docketed on June 2, 2016, with the Fourth District Court of Appeal was affirmed in a per curiam affirmance on November 10, 2016[2]. The appeal docketed with the Fourth District Court of Appeal on November 21, 2016, is pending.

5.  On May 9, 2016—*more than **seven** years after JPMC obtained the Foreclosure Judgment,* a Certificate of Title was issued to JPMC and recorded as Instrument Number 113725628 on May 31, 2016 in the public records of the Clerk of the Circuit Court in and for Broward County, Florida. A true and correct copy of the Certificate of Title is attached hereto as Exhibit "B."

6.  JPMC now seeks the issuance of a Writ of Possession which has been delayed as a result of the filing of this frivolous Notice of Removal. A true and correct copy of the docket report for the State Court Action is attached hereto as Exhibit "C."

### B. The Multiple Bankruptcy Filings by Gomez Individually

7.  Prior to the filing of this Notice of Removal, Gomez instituted six previous bankruptcy filings in his individual name and caused the filing of two additional bankruptcy

---

[1] On the same date, the Fourth District Court of Appeal entered an Order Granting Attorney Fees in favor of JPMC.
[2] On November 10, 2016, the Fourth District Court of Appeal entered an Order Granting Attorney Fees in favor of JPMC.

filings of affiliated entities all in an effort to hinder and delay JPMC's ability to enforce it rights and remedies against the Property.

### i. In re *Juan M. Gomez, Case No.: 09-12356-RBR* ("First Bankruptcy Proceeding")

8. On February 11, 2009, Gomez filed the First Bankruptcy Proceeding as a Chapter 13 case[3] on the eve of the scheduled sale pursuant to the Final Summary Judgment of Foreclosure. Gomez did so *pro se* and failed to complete schedules, Chapter 13 Plan and other required documents. The First Bankruptcy Proceeding was dismissed on March 6, 2009, almost one month after the filing date. *See* Order Dismissing Case [D.E. 12] entered in the First Bankruptcy Proceeding. After obtaining new counsel and seeking a stay of the rescheduled foreclosure sale in the State Court Action, a foreclosure sale was again scheduled on January 15, 2010.

### ii. In re *Juan M. Gomez, Case No.: 10-26744-JKO* ("Second Bankruptcy Proceeding")

9. On June 14, 2010, once again on the eve of the rescheduled foreclosure sale set for June 15, 2010, Gomez filed the Second Bankruptcy Proceeding as a Chapter 13 case. Although Gomez was assisted by counsel, he was once again filed a Chapter 13 for which he was ineligible given the entry of the Final Summary Judgment of Foreclosure. The Second Bankruptcy Proceeding was also dismissed a little over one month later, on July 19, 2010, due to Gomez's failure to complete schedules, Chapter 13 Plan and other required documents after being granted an extension to file such documents. *See* Order Dismissing Case [D.E. 16] entered in the Second Bankruptcy Proceeding. As a result of the successive bankruptcy filings, Gomez

---

[3] The Debtor filed a Chapter 13 case notwithstanding the entry of the Final Summary Judgment of Foreclosure in the amount of $10,941,041.45 which made him ineligible to be a Debtor under 11 U.S.C. § 109(e).

was successful in delaying the completion of JPMC's foreclosure sale for approximately one year and four months at this juncture.

### iii. *In re Juan M. Gomez, Case No.: 12-19803-RBR ("Third Bankruptcy Proceeding")*

10. On April 23, 2012, yet again on the eve of the rescheduled foreclosure sale scheduled for April 24, 2012, Gomez filed the Third Bankruptcy Proceeding as a Chapter 13 case with the assistance of counsel. The case was dismissed on July 26, 2012 for failure to make pre-confirmation plan payments required under the proposed Chapter 13 plan nearly three months after its inception. *See* Order Dismissing Case for Failure to Make Pre-Confirmation Plan Payments [D.E. 42] in Third Bankruptcy Proceeding.

### iv. *In re Juan M. Gomez, Case No.: 14-23396-JKO ("Fourth Bankruptcy Proceeding")*

11. On June 11, 2014, on the same date as the rescheduled foreclosure sale, Gomez filed the Fourth Bankruptcy Proceeding on a *pro se* basis as a Chapter 13 case. The Fourth Bankruptcy Proceeding was dismissed approximately two weeks later for failure to submit proof of credit counseling prior to filing. *See* Order Dismissing Case Without Prejudice for Failure to Obtain Budget and Credit Counseling Prior to Filing and Denying Motion to Extend Time to File Information [D.E. 9] in Fourth Bankruptcy Proceeding.

### v. *In re Juan M. Gomez, Case No.: 14-36329-RBR ("Fifth Bankruptcy Proceeding")*

12. On December 1, 2014, two days before the rescheduled foreclosure sale set for December 3, 2014, Gomez filed the Fifth Bankruptcy Proceeding on a *pro se* basis as a Chapter 13 case. On December 2, 2014, the bankruptcy court entered an Order for Juan M. Gomez to Show Cause Why this Case Should not be Dismissed With Prejudice for Two Years and Why Two Year In Rem Stay Relief Should Not Be Granted Against Real Property Located at 900 S.

North Lake Dr., Hollywood, Florida, 33019. *See* [D.E. 8] in the Fifth Bankruptcy Proceeding. After Gomez failed to appear at the scheduled hearing, the bankruptcy court dismissed the case with prejudice for two years and granted JPMC in rem relief prospectively for two years to and through December 15, 2016. *See* [D.E. 8] in the Fifth Bankruptcy Proceeding, Order Dismissing Case With Prejudice and Granting Two Year In Rem Stay Relief Against Real Property Located at 900 S. North Lake Dr. Hollywood Florida 33019 ("In Rem Stay Relief Order").

      **vi.**    *In re Juan M. Gomez, Case No.: 17-11733-JKO ("Sixth Bankruptcy Proceeding")*

      13.    On February 13, 2017, Gomez filed a Chapter 11 bankruptcy proceeding, the Sixth Bankruptcy Proceeding, in an effort to further delay JMPC's rights to obtain an Alias Writ of Possession to obtain possession of the Property. On March 23, 2017, the bankruptcy court entered an Order Granting Expedited Motion of JPMorgan Chase Bank, N.A. for Entry of An Order Granting Stay Relief in the Sixth Bankruptcy Proceeding [D.E. 35] in which the bankruptcy court found that the proceeding was an abuse of the bankruptcy system and part of a scheme of multiple bankruptcy filings intended to delay and hinder JPMC's rights of enforcement against the Property. On April 5, 2017, the bankruptcy court entered an Order Dismissing Case with Two-Year Prejudice Period [D.E. 42] in the Sixth Bankruptcy Proceeding.

      **C.**    **Bankruptcy Filings by Gomez's Affiliates**

      **i.**    *In re Dharma Land Trust, Case No.: 14-12180-RBR ("Dharma Trust Bankruptcy")*

      14.    On January 30, 2014, Burgos-Vazquez, filed a Chapter 11 proceeding as Trustee for the Dharma Land Trust on a *pro se* basis. On February 19, 2014, the Court entered an Order Dismissing Case for Failure of Debtor to Correct Filing Deficiency [D.E. 10]. The schedules filed on January 30, 2014 list no real property on Schedule A and no executory contracts or

leases on Schedule G. Notwithstanding, the Dharma Land Trust, through Burgos-Vazquez, as Co-Trustee, recorded a Notice against the Property purporting to claim a lien upon the Property in the amount of $5 million and filed the notice with a Notice of Filing in the State Court Action. The filing of the Notice of Filing was clearly intended to cause further delay in the State Court Action.

      **ii.**    *In re Rafael Burgos*, **Case No.: 14-11568-RAM ("Burgos Bankruptcy")**

15. On January 23, 2014, Burgos-Vazquez a/k/a Rafael Burgos filed a Chapter 13 case before this Court. Notwithstanding that Burgos-Vazquez did not list any interest in the Property on Schedule A nor did he list any possessory interest in the Property on Schedule G, on June 10, 2014, Burgos-Vazquez caused a Suggestion of Bankruptcy relating to the Burgos Bankruptcy to be filed in the State Court Action in an effort to once again cancel a rescheduled foreclosure sale set on June 11, 2014. Although the docket in the State Court Action was ultimately noted to properly reflect that Burgos-Vazquez was not a party to the State Court Action, the filing of the Suggestion of Bankruptcy still caused the scheduled foreclosure sale to be cancelled.

      **iii.**    *In re Dharma Foundation, Inc.*, **Case No.: 16-26051-JKO ("Dharma Foundation Bankruptcy")**

16. On December 1, 2016, The Dharma Foundation, Inc. ("Dharma Foundation") filed a Chapter 11 bankruptcy proceeding through Burgos-Vazquez as Vice President of the Dharma Foundation. Notwithstanding the fact that JPMC's Certificate of Title to the Property was issued on May 9, 2016, Dharma Foundation listed an ownership interest in the Property on its Schedule A/B. Dharma Foundation valued its interest in the Property at $10 million on its schedules filed on December 15, 2016 as Docket Entry 17 and then again valued its interest in the Property at $4,100,00.00 on Docket Entry 27, Page 30. Similar to many of the other cases

described herein above, the Dharma Foundation Bankruptcy was also dismissed on December 16, 2016 for failure to file schedules.

17. Despite its lack of interest in the Property, the Dharma Foundation caused a Suggestion of Pending Appeal and Pending Bankruptcy to be filed in the State Court Action. While the Dharma Foundation Bankruptcy was dismissed at the time the Suggestion of Pending Appeal and Pending Bankruptcy was filed, it claimed to be a party in interest to the Property. It is clear that the Dharma Foundation Bankruptcy was intended to further the pattern of abuse and delay as well as to hinder JPMC's rights to possession of the Property even though the Dharma Foundation had no interest in the Property. As a result of the cancellation of the JPMC's Writ of Possession issued on November 17, 2016, JPMC moved the court in the State Court Action for the issuance of an Alias Writ of Possession on December 20, 2016. The Motion for Alias Writ of Possession was scheduled for hearing on February 14, 2017. Prior to the hearing, the Dharma Foundation filed the Suggestion of Pending Appeal and Pending Bankruptcy on February 10, 2017.

18. On March 23, 2017, the bankruptcy court entered an Order Granting Expedited Motion of JPMorgan Chase Bank, N.A. for Entry of An Order Granting Stay Relief [D.E. 40] finding that the Dharma Foundation Bankruptcy was an abuse of the bankruptcy system and part of a scheme intended to delay and hinder JPMC's rights of enforcement against the Property.

**D. Other Federal and State Court Actions and Removed Actions by Defendants**

19. On February 12, 2012, Gomez filed a state court action styled *Gomez v. JP Morgan Chase Bank et. al.*, Case Number: 12-004759 seeking to Quiet Title on the Property and otherwise attack the Foreclosure Judgment (the "Quite Title Action"). On February 26, 2015, the state court entered an Order of Dismissal with Prejudice.

20. On June 13, 2012, Gomez sought to remove the Quiet Title Action in Case Number 0:12-cv-61186-KMW ("First Removal Action"). On January 8, 2013, this Court entered an Order Remanding Case to State Court; Closing Case [D.E. 28] in the First Removal Action.

21. On November 18, 2014, Gomez filed Case No.: 0:14-cv-62632-JIC styled *Gomez v. Ryan Bollman (In His Personal Capacity), JP Morgan Chase, N.A* ("First Federal Court Action") seeking damages against JPMC under the FDCPA, among other claims. Gomez filed Amended Complaints [D.E. 8] and [D.E. 17] in the First Federal Court Action adding claims under the FCCPA and naming additional defendants. On April 30, 2015, this Court entered an Order Dismissing Case for Lack of Jurisdiction [D.E. 22] and granting a Motion to Dismiss [D.E. 11], which on Page 12 of 14 requested that the Amended Complaint be dismissed ***with prejudice.*** In the Order Dismissing Case for Lack of Jurisdiction, the Court agreed with the defendants, including JPMC, that Gomez's claims, including similar claims under the FDCPA and FCCPA regarding the amounts due to JPMC are foreclosed by the *Rooker-Feldman* doctrine and this Court lacked jurisdiction to consider them.

22. On October 10, 2016, Gomez and Burgos-Vazquez again sought to remove the State Court Action in Case Number 0:16-cv-62401-BB ("Second Removal Action"). On October 14, 2016, this Court entered an Order Remanding Case to State Court [D.E. 10] in the Second Removal Action.

23. On November 7, 2016, Gomez and Dharma Foundation filed Case No: 9:16-cv-81848-KAM before this Court against JPMC and other defendants ("Second Federal Court Action"). On March 23, 2017, this Court entered an Order Dismissing Case Without Prejudice in the Second Federal Court Action.

24. On April 19, 2017, Gomez and Burgos-Vazquez once again filed a Notice of Removal of the State Court Action in Case Number 0:17-cv-60763-BB ("Third Removal Action"). On May 1, 2017, this Court entered an Order Remanding Case [D.E. 6] in the Third Removal Action. This Court remanded the Third Removal Action which like this Notice of Removal, erroneously claimed that JPMC's Complaint is not a well-pleaded foreclosure action but is a debt collection claim under the Fair Debt Collection Practices Act. *See* [D.E. 6 at 2]. In the Order Remanding Case in the Third Removal Action, this Court concluded that the deadline for removal was more than eight years ago and the time for removal long expired. *Id.* at 3.

25. On April 7, 2017, Gomez and Burgos-Vazquez filed a complaint for violations of the FDCPA (Counts I – II), violations of the FCCPA (Count III), and appraisal fraud (Count IV) against WaMu, JPMC, and their counsel in the case styled *Gomez and Burgos v. Washington Mutual Bank, et.al*, Case Number 17-60690-CV-WPD. This is the Third Federal Court Action filed by Gomez and one of seven proceedings, including the Removal Actions, filed by Gomez before this Court in his effort to attack the Foreclosure Judgment. Gomez has previously raised nearly identical claims under the FDCPA and FCCPA before this Court, and those claims were dismissed with prejudice in the First Federal Court Action [D.E. 22].

26. Gomez and Burgos-Vazquez also sought injunctive relief by filing a Motion for A Preliminary Injunction [D.E. 4]. On April 13, 2017, this Court entered an Order denying their Motion for Preliminary Injunction [D.E. 7].

### E. The Instant Removal Action

27. On May 4, 2017, Gomez and Burgos-Vazquez for the fourth time filed a Notice of Removal of the State Court Action in Case Number 0:17-cv-60879-JEM ("Fourth Removal

Action"). A true and correct copy of the Notice of Filing Notice of Removal to Federal Court ("Fourth Notice of Removal") is attached as Exhibit "D."

### III.  MEMORANDUM OF LAW

The Fourth Notice of Removal is improper and this matter should be remanded immediately because: 1) removal is untimely under 28 U.S.C. § 1446(b); 2) this Court lacks subject matter jurisdiction because the state court has already entered a final judgment against Gomez[4] and in favor of JPMC; and 3) there is no live case or controversy since a final judgment has been entered. Moreover, an order requiring pre-filing review of any future requests for removal are warranted under these circumstances.

**A.  Removal is Untimely Pursuant to 28 U.S.C. § 1446(b)**

Pursuant to 28 U.S.C. § 1446(b), a notice of removal must be filed "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." Defendants' Fourth Notice of Removal was filed nine years after the State Court Action was commenced in 2008, and over eight years after Gomez filed an Answer and Affirmative Defenses in the State Court Action on February 4, 2009. The time for removal has long expired.

Not only is the request untimely, but Defendants are well aware that their request is untimely under 28 U.S.C. § 1446(b). On May 1, 2017, just nine days ago and three days before Defendants filed their Fourth Notice of Removal, this Court explained to Defendants the untimeliness of any notice of removal filed by Defendants in the Order Remanding Case in the Third Removal Action. *See* [D.E. 6 at 3] in Third Removal Action. This Court concluded that the deadline for removal was more than eight years ago and thus, the time for removal had long

---

[4] Interestingly, Burgos-Vazquez is not a judgment debtor under the Foreclosure Judgment nor a defendant in the State Court Action. He does not own the Property or any interest therein yet he continues to seek relief from this Court as a vexatious litigant with no privity or relation to this matter whatsoever.

expired.  *Id.*  Three days after receiving this Court's Order Remanding Case in the Third Removal Action, Defendants cannot say that this Fourth Removal Action is now timely.

### B.  Lack of Subject Matter Jurisdiction

On January 5, 2009, the state court entered the Foreclosure Judgment.  In reviewing the substance of the Fourth Notice of Removal and the history relating to these claims reflected in the docket report of the State Court Action, it is clear that Gomez and Burgos-Vazquez seek to attack the Foreclosure Judgment.  But their attempt is precluded by the *Rooker-Feldman* doctrine.

The *Rooker-Feldman* doctrine derives from two Supreme Court cases:  *Rooker v. Fid Trust Co.*, 263 U.S. 413 (1923) and *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1986).  The *Rooker-Feldman* doctrine prevents lower federal courts from exercising appellate jurisdiction over final state court judgments based on principles of federalism and comity.

The Supreme Court clarified the doctrine in *Exxon Mobil Corporation v. Saudi Basic Industries Corporation*, holding that it "is confined to cases of the kind from which the doctrine acquired its name; cases brought by state court losers complaining of injuries caused by state court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." 544 U.S. 280, 284 (2005).

The *Rooker-Feldman* doctrine applies here because Gomez and Burgos-Vazquez can only succeed if this Court implicitly or explicitly determines the Florida state court wrongly decided the foreclosure issue.  As explained in *Figueroa v. Merscorp*, "by entering judgments of foreclosure, the Florida state courts determined the foreclosures were proper. These state courts exercised their authority over state law and found the foreclosing parties satisfied Florida's

procedural safeguards." 766 F. Supp. 1305, 1324 (S.D. Fla. 2011). As in *Figueroa,* to address the merits here, the Court would have to determine that the state court wrongly granted a judgment of foreclosure. Accordingly, as in *Figueroa*, the *Rooker-Feldman* doctrine operates to divest this Court of subject matter jurisdiction in this case.

Further, this Court has previously reviewed and remanded a notice of removal filed by Gomez in the First Removal Action, an action in a case very similar to the instant case, based on application of the *Rooker-Feldman* doctrine. On January 8, 2013, in the Order Remanding Case in the First Removal Action, this Court reviewed the substance and history of Defendants' claims and concluded that the claims seek to attack a state foreclosure judgment and thus, based on the *Rooker-Feldman* doctrine, this Court lacks subject matter jurisdiction to adjudicate the matter. *See* [D.E. 28 at 2] in First Removal Action. In reviewing the substance and history of Defendants' claims in this Fourth Removal Action, it is clear Defendants again seek, although in a different state court action than the subject of the First Removal Action, to attack a state foreclosure judgment. Thus, Defendants cannot now argue that the *Rooker-Feldman* doctrine does not apply to divest this Court of subject matter jurisdiction in this case.

**C. No Live Case or Controversy Warranting Removal**

The docket report for the State Court Action reflects that Defendants had a full and fair opportunity to litigate their claims in state court. Moreover, because the Foreclosure Judgment resolved the dispute arising under state law, there is no federal question and no live case or controversy presented to this Court. Defendants' citation to various federal statutes by way of defense to the Foreclosure Judgment does not create federal jurisdiction. *Louisville & N.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908). "Because a federal question must appear on the face of the plaintiff's complaint to satisfy the well-pleaded complaint rule, a defense which presents a

federal question can not create removal jurisdiction." *Kemp v. Int'l Bus. Machs. Corp.*, 109 F. 3d 708, 712 (11th Cir. 1997). "Thus, a case may not be removed to federal court on the ground of a federal question defense alone, even if that defense is valid." *Id.* (*citing Franchise Tax Bd. V. Constr. Laborers Vacation Trust,* 463 U.S. 1, 25-28 (1983)). The issues referenced in the Fourth Notice of Removal raise federal issues as belated defenses to the already concluded State Court Action. Thus, this matter should be promptly remanded as removal is improper.

In any event, the Foreclosure Judgment evidences that there is no live case or controversy before this Court. "Article III of the Constitution extends jurisdiction of federal courts to only 'cases' and 'controversies.'" *Freedom From Religion Found., Inc. v. Orange County Sch. Bd.*, No. 14-13399, 2015 WL 1965856, at *3 (11th Cir. May 4, 2015) (*quoting Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559 (1992)). JMPC is simply seeking to enforce its Foreclosure Judgment and Certificate of Title through the issuance of an Alias Writ of Possession, and the instant request for removal is another ploy by Gomez and Burgos-Vazquez to further hinder and delay JPMC's ability to obtain possession of the Property. Accordingly this Court lacks subject matter jurisdiction and/or the request for removal is moot.

### D. Request for Additional Relief

Given the history of this case and the factual circumstances, JPMC requests that an order be entered requiring pre-filing review of any further removal petitions by Defendants. Because removal was untimely and lacked any valid basis, the request for removal is objectively unreasonable and frivolous. Since this Court found the prior requests for removal procedurally improper as untimely and lacking subject matter jurisdiction, together with the multiple bankruptcy petitions that delayed the foreclosure, it is clear that Defendants have flagrantly abused this Court's process with an aim on further hindering JPMC from exercising its rights.

"Federal courts have the inherent power to regulate activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." *DeLong v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990). In *Baldini Real Estate, Inc. v. Cruz, et.al.*, No. 15-CV-04231-JCS, 2015 WL 6725079, at *3 (N.D. Cal. Oct. 16, 2015), the district court considered serial removals of a state court action coupled with multiple bankruptcy petitions, finding it is appropriate to enter an order requiring pre-filing review so that the relief is narrowly tailored to the circumstances. In *Baldini*, the magistrate judge issued a report and recommendation which recommended the entry of an order requiring the filing of a motion for leave to file a notice of removal and requiring such notice to include copies of the proposed filing and the Court's orders regarding the case. *Id*. at *5. The *Baldini* court issued an order further directing that the clerk of the court not accept for filing any further notices of removal unless accompanied by an order from a judge of the district granting leave to file the removal papers. *Baldini Real Estate, Inc. v. Cruz, et. al.*, No. 15-CV-4231 YGR, 2015 WL 6692272 (N.D. Cal. Nov. 3, 2015). In determining whether a pre-filing order should issue, the *Baldini* court analyzed the following requirements: (1) give the litigant notice and an opportunity to be heard; (2) compile an adequate record for review; (3) make substantive findings about the frivolous and harassing nature of the litigant's filings; and (4) narrowly tailor any resulting order to fit the specific vice encountered. *Baldini*, 2015 WL 6725079 at *4. Like in *Baldini*, Defendants, although *pro se*, cannot claim ignorance after receiving this Court's prior orders remanding this case after the second and third requests for removal.

The Eleventh Circuit Court of Appeals considered a similar case to the instant case where JPMC brought a dispossessory action against a litigant. In *J.P. Morgan Chase Bank v. Dean*, 364 Fed. App'x 611 (11th Cir. 2010), an appeal ensued after the district court in the Northern

District of Georgia denied the litigant's motion for leave to remove the action to federal court after being required to submit it for pre-filing review due to an injunction entered resulting from the litigant's prior history as a vexatious litigant. *Id.* In *Dean*, the district court had enjoined Dean from filing or attempting to initiate any new lawsuit in any federal court without permission of the court. *Id.* Twice, Dean moved for leave to file a notice to remove the dispossession action to federal court and both requests were denied. *Id.* Prior to the denial of the second motion for leave, the Georgia state court issued a writ of possession to JPMC. *Id.* Dean appealed the denial of the second motion for leave to file the notice of removal on the basis that the injunction entered by the district court was invalid and that the district court was required to grant him leave to file a notice to remove. *Id.* The Eleventh Circuit disagreed upholding the district court's injunction of further filings by Dean. *Id.* at 613.

The record as a whole in this matter indicates Defendants' intent to delay rather than a bona fide desire to litigate in a federal forum and suggests that if not restricted from doing so, Defendants will continue to file further frivolous removals to delay JPMC's issuance of a Writ of Possession in the State Court Action. Thus, the entry of a pre-filing order is appropriate here given the similarities in factual circumstances to the *Baldini* and *Dean* cases. *See also*, *Johnson v. Bank of New York Mellon Trust Co.,* No. 1:11-CV-00255-SPM, 2011 WL 7268639, at *1 (N.D. Fla. Dec. 28, 2011) *report and recommendation adopted,* No. 1:11CV255-MP-GRJ, 2012 WL 425925 (N.D. Fla. Feb. 10, 2012) (where district court denied a motion for leave to file Notice of Removal for the third time in a mortgage foreclosure case). Thus, JPMC requests the entry of an order requiring pre-filing review of any future requests for removal to prevent further delays in JPMC's efforts to possess its Property.

## IV.  CONCLUSION

Removal is untimely under 28 U.S.C. § 1446(b).  Moreover, this Court lacks subject matter jurisdiction due to the entry of the Foreclosure Judgment in favor of JPMC and the application of the *Rooker-Feldman* doctrine.  Finally, there is no live case or controversy due to the entry of the Foreclosure Judgment.  Alternatively, the request for removal is moot.  For the foregoing reasons, the Fourth Notice of Removal is improper and should be stricken and this matter remanded.

## V.  REQUEST FOR EXPEDITED RELIEF

As the foregoing history reflects, Gomez and Burgos-Vazquez have filed previous requests for removal of the instant case which have been successively denied for similar reasons.  Yet, Gomez and Burgos-Vazquez continue to abuse this Court's process and have taken inappropriate advantage of the delayed resulting from their abuse of the process.  Due to the filing of the Fourth Notice of Removal and after previous delayed caused by the Sixth Bankruptcy Proceeding and the Dharma Foundation Bankruptcy, Gomez and Burgos-Vazquez seek further delays in the issuance of an Alias Writ of Possession in favor of JPMC to prevent JPMC from evicting the occupants of its Property and marketing the Property for sale.  Given the untimeliness of the request for removal under 28 U.S.C. § 1446(b) and the fact that the request for removal has caused a further delay and hindrance of JPMC's rights, the instant case should be remanded on an expedited basis.

WHEREFORE, Plaintiff, JP Morgan Chase Bank, N.A., respectfully requests that this Court enter an order: 1) striking the Fourth Notice of Removal; 2) promptly remanding this matter to the Seventeenth Judicial Circuit in and for Broward County, Florida, Case Number

2008 CA 034579; 3) requiring pre-filing review of any future requests for removal by Defendants; and (4) for any further relief this Court deems just and proper.

Respectfully submitted this 10th day of May, 2017.

/s/ Leyza F. Blanco
**Leyza F. Blanco, Esq.**
Florida Bar No. 104639
**GRAYROBINSON, P.A.**
333 S.E. 2nd Avenue
Suite 3200
Miami, Florida  33131
Telephone:     305-416-6880
Facsimile:     305-416-6965

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on this 10th day of May, 2017 via First Class U.S. Mail upon Juan M. Gomez, 1801 Polk Street, Suite 221967, Hollywood, FL 33024 and Rafael Burgos-Vazquez, 1801 Polk Street, Suite 221967, Hollywood, FL 33024.

/s/ Leyza F. Blanco
Leyza F. Blanco
Florida Bar No.: 104639