UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:17-cv-60879-JEM

JP MORGAN CHASE BANK NATIONAL
ASSOCIATION, AS SUCCESSOR TO
WASHINGTON MUTUAL BANK,

        Plaintiff,

v.

JUAN M. GOMEZ and RAFAEL BURGOS-
VAZQUEZ,

        Defendants.

_____/

## NOTICE OF FILING EXHIBITS TO MOTION TO STRIKE NOTICE OF REMOVAL AND/OR FOR REMAND FOR LACK OF SUBJECT MATTER JURISDICTION , ALTERNATIVELY, MOOTNESS AND FOR ADDITIONAL RELIEF AND INCORPORATED MEMORANDUM OF LAW

Plaintiff, JP MORGAN CHASE BANK, NA, as successor to Washington Mutual Bank ("Plaintiff"), by undersigned counsel, files the Exhibits to the Motion to Strike Notice of Removal and/or for Remand for Lack of Subject Matter Jurisdiction, Alternatively, Mootness and for Additional Relief and Incorporated Memorandum of Law [D.E. 9].

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on this 10th day of May, 2017 via First Class U.S. Mail upon Juan M. Gomez, 1801 Polk Street, Suite 221967, Hollywood, FL 33024 and Rafael Burgos-Vazquez, 1801 Polk Street, Suite 221967, Hollywood, FL 33024.

Date: May 10, 2017

        Respectfully submitted,
        GRAYROBINSON, P.A.
        333 S.E. 2nd Avenue, Suite 3200
        Miami, FL 33131
        Leyza.Blanco@gray-robinson.com

Telephone:      (305) 416-6880
Facsimile:      (305) 416-6887

By: _____/s/ Leyza F. Blanco_____
      Leyza F. Blanco
      Florida Bar No.: 104639



INSTR # 108371557
OR BK 45944 Pages 1785 - 1792
RECORDED 01/28/09 09 28:20
BROWARD COUNTY COMMISSION
DEPUTY CLERK 1032
#1, 8 Pages

2009 JAN -5 AM 9: 10

FILED FOR RECORD
CLERK OF CIRCUIT COURT
BROWARD COUNTY, FLA.

CIRCUIT CIVIL

The area above this line for use of the recording official
-----------------------------------------------------------------------------------

## IN THE CIRCUIT OF THE 17th JUDICIAL CIRCUIT
## OF FLORIDA, IN AND FOR BROWARD COUNTY

JP Morgan Chase Bank, National
Association as successor to Washington
Mutual Bank,

             Plaintiff,

-vs.-

Juan M. Gomez a/k/a Juan Gomez; Ford
Motor Credit Company; Arrow Financial
Services, L.L.C. assignee of GE Money
Bank; Bitach Fund I, LLC; Unknown Parties
in Possession #1; Unknown Parties in
Possession #2; If living, and all Unknown
Parties claiming by, through, under and
against the above named Defendant(s) who
are not known to be dead or alive, whether
said Unknown Parties may claim an interest
as Spouse, Heirs, Devisees, Grantees, or
Other Claimants

             Defendant(s).

Case #: 2008 CA 034579 (14)
Division #: 14

UNC:

## FINAL SUMMARY JUDGMENT OF FORECLOSURE

THIS CAUSE, having come before the Court upon Plaintiff's Motion for Summary

Judgment of Foreclosure, upon Plaintiff's Complaint to Foreclose Mortgage and upon the

documents offered in support thereof, and the Court being fully advised in the premises, it

is,



ORDERED, ADJUDGED AND DECREED:

1. Due and legal service of process has been made upon the defendant(s) Juan M. Gomez a/k/a Juan Gomez; Ford Motor Credit Company; Arrow Financial Services, L.L.C. assignee of GE Money Bank; Bitach Fund I, LLC; Unknown Parties in Possession #1; Unknown Parties in Possession #2; If living, and all Unknown Parties claiming by, through, under and against the above named Defendant(s) who are not known to be dead or alive, whether said Unknown Parties may claim an interest as Spouse, Heirs, Devisees, Grantees, or Other Claimants. This Court has jurisdiction of the parties in this cause and the subject matter hereof. Further, the allegations contained in Plaintiff's complaint have been proven by competent evidence and the equities in this cause are with the Plaintiff.

2. The court hereby enters a Final Judgment in favor of Plaintiff, JP Morgan Chase Bank, National Association as successor to Washington Mutual Bank, against Juan M. Gomez a/k/a Juan Gomez; Ford Motor Credit Company; Arrow Financial Services, L.L.C. assignee of GE Money Bank; Bitach Fund I, LLC; Unknown Parties in Possession #1; Unknown Parties in Possession #2; If living, and all Unknown Parties claiming by, through, under and against the above named Defendant(s) who are not known to be dead or alive, whether said Unknown Parties may claim an interest as Spouse, Heirs, Devisees, Grantees, or Other Claimants.

3. The Mortgage sued upon by the Plaintiff in this cause constitutes a valid lien upon the property hereinafter described and the Mortgage is in default as alleged in the Complaint.

4. The Court finds, based upon the affidavits presented and upon inquiry of counsel for the plaintiff, that 10 hours were reasonable expended by plaintiff's counsel and that an hourly rate of $150.00 is the contractually amount listed in paragraph 2 and is appropriate. PLAINTIFF'S COUNSEL CERTIFIES THAT THE ATTORNEY FEE AWARDED DOES NOT EXCEED ITS CONTRACT FEE WITH THE PLAINTIFF. The Court finds that there are no

reduction or enhancement factors for consideration by the Court pursuant to Florida

Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla. 1985).

    5.    There is due the Plaintiff on the Mortgage and Note sued upon, including

foreclosure fees and costs, the following sums:

| | |
|---|---|
| Principal Due on Note and Mortgage | $10,162,489.23 |
| Pre-Acceleration Late Charges | 12,865.60 |
| Interest due from January 1, 2008 | |
| through January 5, 2009 at 6.039% | $758,842.14 |

ADVANCES MADE AND PAID BY PLAINTIFF;

| | |
|---|---|
| BPO | $218.00 |
| INSPECTIONS | $28.70 |
| NSF FEES | $25.00 |
| FLOOD INSURANCE | $4,279.69 |
| | |
| TOTAL ADVANCES: | $4,551.39 |
| SUBTOTAL: | $10,938,748.36 |

FORECLOSURE COSTS;

| | |
|---|---|
| Filing Fee | $352.50 |
| Title Report | $325.00 |
| Publication for Service | $0.00 |
| Private Process Server | $415.60 |
| Skip Trace | $0.00 |
| | |
| TOTAL FORECLOSURE COSTS: | $1,093.10 |

| | |
|---|---|
| JUDGMENT SUBTOTAL | $10,939,841.46 |
| ATTORNEY'S FEE | $1,200.00 |
| JUDGMENT GRAND TOTAL | $10,941,041.46 |

plus interest on the total judgment, at the rate prescribed by Florida Statutes §55.03, from

the date of this Judgment until paid, and any further sums in connection herewith.

    6.    The Plaintiff has a lien to secure the payment of the aforesaid sums against

the following described property located in Broward County, Florida.

    LOTS 16-17-18, BLOCK 65, HOLLYWOOD LAKES SECTION, ACCORDING TO THE PLAT
THEREOF, RECORDED IN PLAT BOOK 1, PAGE 32, OF THE PUBLIC RECORDS OF

BROWARD COUNTY, FLORIDA, LESS THE SOUTH 30.0 FEET THEREOF FOR ROAD RIGHT-OF-WAY; ALSO THAT TRACT OF LAND DESCRIBED AS FOLLOWS: BEING ALL THAT PARCEL OF LAND DESCRIBED AND BOUNDED AS FOLLOWS: BEING A PART OF TAYLOR STREET, AND A PART OF BLOCK 70, HOLLYWOOD LAKES SECTION, BOUNDED ON THE SOUTH BY THE NORTH LINE OF LOT 16, 17 AND 18, BLOCK 65, HOLLYWOOD LAKES SECTION: ON THE NORTH BY BLOCK 71, OTHERWISE DESCRIBED AS NORTH LAKE OF SAID SUBDIVISION; ON THE EAST BY THE EAST LINE OF LOT 16, BLOCK 65, EXTENDED IN A NORTHERLY DIRECTION, AND ON THE WEST BY THE WEST LINE OF LOT 18, BLOCK 65, EXTENDED IN A NORTHERLY DIRECTION AS SHOWN ON THE PLAT OF HOLLYWOOD LAKES SECTION, RECORDED IN PLAT BOOK 1, PAGE 32, OF THE PUBLIC RECORDS OF BROWARD COUNTY, FLORIDA, BEING ALL THAT PARCEL OF LAND LYING NORTH OF LOTS 16, 17 AND 18, BLOCK 65, OF HOLLYWOOD LAKES SECTION EXTENDING TO THE NORTH LAKE IN SAID SUBDIVISION; ALSO ALL THAT PARCEL OF LAND DESCRIBED AND BOUNDED AS FOLLOWS: BEING PARTS OF TAYLOR STREET, 13TH AVENUE (NOW 9TH AVENUE) AND BLOCK 70, OF HOLLYWOOD LAKES SECTION, ACCORDING TO THE PLAT THEREOF, RECORDED IN PLAT BOOK 1, PAGE 32, OF THE PUBLIC RECORDS OF BROWARD COUNTY, FLORIDA, BOUNDED ON THE SOUTH BY A LINE 104.50-FEET SOUTH OF THE NORTHEAST CORNER OF LOT 16, BLOCK 65 OF SAID HOLLYWOOD LAKES
SECTION, EXTENDED EASTERLY PARALLEL TO THE NORTH LINE OF SAID BLOCK 65 TO BLOCK 71, (NORTH LAKE) OF SAID HOLLYWOOD LAKES SECTION: ON THE EAST BY BLOCK 71 OF SAID HOLLYWOOD LAKES SECTION: ON THE NORTH BY SAID BLOCK 71 OF HOLLYWOOD LAKES SECTION: AND ON THE WEST BY THE EAST LINE OF SAID LOT 16, IN BLOCK 65, AND AN EXTENSION OF SAID LINE NORTH TO BLOCK 71 OF HOLLYWOOD LAKES SECTION.

The aforesaid lien of the Plaintiff is prior, paramount and superior to all rights, claim,

liens, interest, encumbrances and equities of the Defendants and all persons, firms or

corporations claiming by, through or under said Defendants or any of them and the property

will be sold free and clear of all claims of said Defendants, with the exception of any

assessments pursuant to Florida Statutes §§718.116 and 720.3085.

7.      That the legal description in the subject mortgage used to identify the real

property described by site address 900 South North Lake Drive, Hollywood, FL 33019 herein

is hereby ratified, confirmed or reformed in the mortgage so that the legal description as

contained herein shall be the same legal description on the mortgage.

8.      If the total sum due with interest and all costs of this action are not forthwith

paid, the Clerk of the Court shall sell the property at public sale, to the highest bidder for

cash, except as set forth hereinafter, Room 385 of the Broward County Courthouse 201 SE

6th Street, Ft. Lauderdale, FL. 33301, at 11:00 a.m. on _February 12, 2019_ after

having first given notice as required by § 45.031 Fla. Stat. (1995). Should the Plaintiff not elect to proceed with the scheduled foreclosure sale pursuant to this Summary Judgment, or pursuant to Court Order rescheduling the foreclosure sale, a Court Order of cancellation shall not be necessary. Plaintiff's failure to enter a bid at the scheduled foreclosure sale shall result in automatic cancellation of the foreclosure sale.

9.      In addition, Plaintiff may assign the Judgment and credit bid by the filing of an Assignment without further order of this court. Should a party other than Plaintiff be the purchaser at the sale, Plaintiff shall be reimbursed by the Clerk for all costs advanced. At the time of payment of the bid amount, any purchaser other than Plaintiff shall pay all service charges assessed by the Clerk of the Circuit Court pursuant to §28.24 Fla. Stat.(1995), together with proper documentary stamps to be affixed to the Certificate of Title. If Plaintiff is the purchaser, the Clerk shall credit Plaintiff's bid with the total sum including interest and costs accruing subsequent to this Judgment, or such part of it, as necessary to pay the bid in full. Any sums expended by Plaintiff, including but not limited to Ad Valorem Taxes, Hazard Insurance, property preservation, bankruptcy fees or other necessary costs, shall be credited to Plaintiff's bid. If Plaintiff is to include such sums in its bid, Plaintiff shall file an affidavit setting forth such expenditures, and the amount due as set forth in paragraph 4 hereof shall be increased by the amount of such advances without further Order of the Court.

10.      Any purchaser other than Plaintiff shall pay all service charges assessed by the Clerk of the Circuit Court pursuant to Florida Statute 28.24 together with proper documentary stamps to be affixed to the Certificate of Title. If Plaintiff is the purchaser, the Clerk shall credit Plaintiff's bid with the total sum with interest and cost accruing subsequent to this Judgment, or such part of it, as necessary to pay the bid in full.

11.      **IF THIS PROPERTY IS SOLD AT PUBLIC AUCTION, THERE MAY BE ADDITIONAL MONEY FROM THE SALE AFTER PAYMENT OF PERSONS WHO ARE**

ENTITLED TO BE PAID FROM THE SALE PROCEEDS PURSUANT TO THIS FINAL
JUDGMENT.

IF YOU ARE A SUBORDINATE LIENHOLDER CLAIMING A RIGHT TO FUNDS
REMAINING AFTER THE SALE, YOU MUST FILE A CLAIM WITH THE CLERK NO
LATER THAN 60 DAYS AFTER THE SALE. IF YOU FAIL TO FILE A CLAIM, YOU WILL
NOT BE ENTITLED TO ANY REMAINING FUNDS.

If the property being foreclosed on has qualified for the homestead tax exemption in the
most recent approved tax roll the following provision applies:

IF YOU ARE THE PROPERTY OWNER, YOU MAY CLAIM THESE FUNDS
YOURSELF. YOU ARE NOT REQUIRED TO HAVE A LAWYER OR ANY OTHER
REPRESENTATION AND YOU DO NOT HAVE TO ASSIGN YOUR RIGHTS TO ANYONE
ELSE IN ORDER FOR YOU TO CLAIM ANY MONEY TO WHICH YOU ARE ENTITLED.
PLEASE CHECK WITH THE CLERK OF THE COURT, HOWARD FORMAN, 201 S.E. 6th
Street, Ft. Lauderdale, FL 33301 (*), WITHIN TEN (10) DAYS AFTER THE SALE TO
SEE IF THERE IS ADDITIONAL MONEY FROM THE FORECLOSURE SALE THAT THE
CLERK HAS IN THE REGISTRY OF THE COURT.
IF YOU DECIDE TO SELL YOUR HOME OR HIRE SOMEONE TO HELP YOU CLAIM THE
ADDITIONAL MONEY, YOU SHOULD READ VERY CAREFULLY ALL PAPERS YOU ARE
REQUIRED TO SIGN, ASK SOMEONE ELSE, PREFERABLY AN ATTORNEY WHO IS NOT
RELATED TO THE PERSON OFFERING TO HELP YOU, TO MAKE SURE THAT YOU
UNDERSTAND WHAT YOU ARE SIGNING AND THAT YOU ARE NOT TRANSFERRING
YOUR PROPERTY OR THE EQUITY IN YOUR PROPERTY WITHOUT THE PROPER
INFORMATION. IF YOU CANNOT AFFORD TO PAY AN ATTORNEY, YOU MAY
CONTACT LEGAL AID SERVICE OF BROWARD COUNTY, INC, 491 NORTH STATE
ROAD 7, PLANTATION, FL 33317, 954-765-8950 TO SEE IF YOU QUALIFY

**FINANCIALLY FOR THEIR SERVICES. IF THEY CANNOT ASSIST YOU, THEY MAY BE ABLE TO REFER YOU TO A LOCAL BAR REFERRAL AGENCY OR SUGGEST OTHER OPTIONS. IF YOU CHOOSE TO CONTACT LEGAL AID SERVICE OF BROWARD COUNTY, INC, 491 NORTH STATE ROAD 7, PLANTATION, FL 33317, 954-765-8950 FOR ASSISTANCE, YOU SHOULD DO SO AS SOON AS POSSIBLE AFTER RECEIPT OF THIS NOTICE.**

12.    On filing the Certificate of Title, the Clerk shall distribute the proceeds of the sale and other monies collected by the Clerk in connection with the sale, so far as they are sufficient, by paying: first, all of Plaintiff's costs; second, documentary stamps affixed to the Certificate of Title and registry fees, if applicable; third, Plaintiff's attorneys fees; forth, the total sum due Plaintiff less the items paid, plus interest at the rate prescribed by law from the date of the hearing on the Motion For Final Summary Judgment to the date of the issuance of the Certificate of Title; and by retaining any amount remaining pending further order of this Court.

13.    The sale shall be held in accordance with §45.031 Fla. Stat.(1995), and upon the Clerk filing the Certificate of Sale, all persons shall be forever barred and foreclosed of any and all equity or right of redemption in and to the above described property. Upon issuance of the Certificate of Title, the sale shall stand confirmed, and the purchaser or the purchasers, their heirs, representatives, successors or assigns, shall be let into possession of the said premises as conveyed without delay. The Clerk of the Court is hereby specifically authorized to issue a Writ of Possession for the premises located at 900 South North Lake Drive, Hollywood, FL 33019 after filing of the Certificate of Title and the Sheriff is hereby authorized to serve the Writ of Possession forthwith after issuance of Certificate of Title.

14.    This Court retains jurisdiction of this cause for the purpose of making any and all further orders as may be necessary and proper including, without limitation, writs of possession and deficiency judgment.

DONE AND ORDERED in Chambers at FT. LAUDERDALE, Broward County, Florida, this

____ day of _____ Jan _____, ~~2008.~~ 2009

_____

CIRCUIT JUDGE

Copies furnished to:

SHAPIRO & FISHMAN, LLP: 2424 North Federal Highway, Suite 360, Boca Raton, Florida 33431

JUAN M. GOMEZ A/K/A JUAN GOMEZ, 900 SOUTH NORTHLAKE DRIVE, HOLLYWOOD, FL 33019

FORD MOTOR CREDIT COMPANY, ATTN: LEGAL DEPARTMENT, 30600 TELEGRAPH RD STE 2345, BINGHAM FARMS, MI 48025

ARROW FINANCIAL SERVICES, L.L.C. ASSIGNEE OF GE MONEY BANK, C/O CT CORPORATION SYSTEM, R.A.        , 1200 SOUTH PINE ISLAND ROAD, PLANTATION, FL 33324

BITACH FUND I, LLC, C/O PERLMAN, YEVOLI & ALBRIGHT, P.L., R.A., 200 SOUTH ANDREWS AVENUE, SUITE 600, FORT LAUDERDALE, FL 33301

UNKNOWN PARTIES IN POSSESSION #1 N/K/A BEN JARRETT, 900 SOUTH NORTHLAKE DRIVE, HOLLYWOOD, FL 33019

UNKNOWN PARTIES IN POSSESSION #2 N/K/A ANDRES DOE, 900 SOUTH NORTHLAKE DRIVE, HOLLYWOOD, FL 33019

_____

08-103422

INSTR # 113725628   Page   1 of 2, Recorded 05/31/2016 at 03:38 PM
Broward County Commission   Deputy Clerk ERECORD
Case 0:17-cv-60879-JEM   Document 10   Entered on FLSD Docket 05/10/2017   Page 11 of 39

\*\*\*\* FILED: BROWARD COUNTY, FL  HOWARD FORMAN,  CLERK 5/9/2016 12:10:31 PM.\*\*\*\*

## In the Circuit Court of the Seventeenth Judicial Circuit
## In and for Broward County, Florida

WASHINGTON MUTUAL BANK
Plaintiff

VS.

GOMEZ, JUAN M ,  FORD MOTOR CREDIT CO ;  GE MONEY BANK ;
BITACH FUND I LLC
Defendant

CACE-08-034579
Division.    11

### Certificate of Title

The undersigned, Howard C. Forman, Clerk of the Court, certifies that he executed and filed a certificate of sale in this action on May 07, 2015, for the property described herein and that no objections to the sale have been filed within the time allowed for filing objections.

The following property in Broward County, Florida:

- SEE ATTACHMENT -

Was sold to: JP MORGAN CHASE BANK, NATIONAL ASSOCIATION AS SUCCESSOR TO WASHINGTON MUTUAL BANK

7255 Baymeadows Way Jacksonville, FL, 32256

Witness my hand and the seal of this court on  May 09, 2016 .

Howard C. Forman, Clerk of Circuit Courts
Broward County, Florida

Total consideration: $1,800,100.00
Doc Stamps  $12,600.70

LOTS **16-17-18, BLOCK 65,** HOLLYWOOD LAKES SECTION, ACCORDING TO THE PLAT
THEREOF, RECORDED IN PLAT BOOK 1, PAGE 32, OF THE PUBLIC RECORDS OF
BROWARD COUNTY, FLORIDA, LESS THE SOUTH 30.0 FEET THEREOF FOR ROAD
RIGHT-OF-WAY; ALSO THAT TRACT OF LAND DESCRIBED AS FOLLOWS: BEING ALL
THAT PARCEL OF LAND DESCRIBED AND BOUNDED AS FOLLOWS: BEING A PART OF
TAYLOR STREET, AND A PART OF BLOCK 70, HOLLYWOOD LAKES SECTION,
BOUNDED ON THE SOUTH BY THE NORTH LINE OF LOT 16, 17 AND 18, BLOCK 65,
HOLLYWOOD LAKES SECTION: ON THE NORTH BY BLOCK 71, OTHERWISE
DESCRIBED AS NORTH LAKE OF SAID SUBDIVISION; ON THE EAST BY THE EAST
LINE OF LOT 16, BLOCK 65, EXTENDED IN A NORTHERLY DIRECTION, AND ON THE
WEST BY THE WEST LINE OF LOT 18, BLOCK 65, EXTENDED IN A NORTHERLY
DIRECTION AS SHOWN ON THE PLAT OF HOLLYWOOD LAKES SECTION, RECORDED
IN PLAT BOOK 1, PAGE 32, OF THE PUBLIC RECORDS OF BROWARD COUNTY,
FLORIDA, BEING ALL THAT PARCEL OF LAND LYING NORTH OF LOTS 16, 17 AND 18,
BLOCK 65, OF HOLLYWOOD LAKES SECTION EXTENDING TO THE NORTH LAKE IN
SAID SUBDIVISION; ALSO ALL THAT PARCEL OF LAND DESCRIBED AND BOUNDED
AS FOLLOWS: BEING PARTS OF TAYLOR STREET, 13TH AVENUE (NOW 9TH AVENUE)
AND BLOCK 70, OF HOLLYWOOD LAKES SECTION, ACCORDING TO THE PLAT
THEREOF, RECORDED IN PLAT BOOK 1, PAGE 32, OF THE PUBLIC RECORDS OF
BROWARD COUNTY, FLORIDA, BOUNDED ON THE SOUTH BY A LINE 104.50-FEET
SOUTH OF THE NORTHEAST CORNER OF LOT 16, BLOCK 65 OF SAID HOLLYWOOD
LAKES
SECTION, EXTENDED EASTERLY PARALLEL TO THE NORTH LINE OF SAID BLOCK 65
TO BLOCK 71, (NORTH LAKE) OF SAID HOLLYWOOD LAKES SECTION: ON THE EAST
BY BLOCK 71 OF SAID HOLLYWOOD LAKES SECTION: ON THE NORTH BY SAID
BLOCK 71 OF HOLLYWOOD LAKES SECTION: AND ON THE WEST BY THE EAST LINE
OF SAID LOT 16, IN BLOCK 65, AND AN EXTENSION OF SAID LINE NORTH TO
BLOCK 71 OF HOLLYWOOD LAKES SECTION.

# Case Detail

| | |
|---|---|
| Broward County Case Number: **CACE08034579** | State Reporting Number: **062008CA034579AXXXCE** |
| Court Type: **Civil Division - Circuit Court** | Case Type: **Real Prop Homestead Res Fore - $0 - $50,000** |
| Incident Date: **N/A** | Filing Date: **07/29/2008** |
| Court Location: **Central Courthouse** | Case Status: **Disposition Entered** |
| Magistrate ID / Name: **N/A** | Judge ID / Name: **11 Judge(s), Senior** |

Style: **Washington Mutual Bank Plaintiff vs. Juan M Gomez, et al Defendant**

| Party(ies) | Disposition(s) | Event(s) |
|---|---|---|

[+] Expand All    [-] Collapse All    Document Options: 🔲 Viewable  🔲 Confidential

**[−] Party Detail**

| Party Type | Party Name | Address<br>(Per **AOSC15-18**, the Court hereby adopts the Standards for Access to Electronic Court Records and Access Security Matrix, as amended by the Court, to supersede the restrictions imposed by **AOSC07-49**.) | Attorneys / Address<br>★ Denotes Lead Attorney<br>(Per **FL Bar Rule 1-3.3**, the most current attorney contact information can be found on the Florida Bar website.) |
|---|---|---|---|
| Plaintiff | **Washington Mutual Bank** | | Tefft, Jillian L<br>Retained<br>  Shapiro & Fishman & Gache LLP<br>  2424 North Federal Highway<br>  Suite 360<br>  Boca Raton, FL 33431<br>★ Starasoler, Tracy, ESQ.<br>Retained<br>  Shapiro Fishman & Gache LLP<br>  2424 North Federal Highway<br>  Suite 360<br>  Boca Raton, FL 33431 |
| Defendant | **Bitach Fund I LLC** | | |
| Defendant | **Ford Motor Credit Co** | | |
| Defendant | **Ge Money Bank**<br>As Assignee Of **Arrow Fin Svc L L C** | | |
| Defendant | **Gomez, Juan M**<br>Also Known As **Gomez, Juan** | | Kassier, Andrew Michael<br>Retained<br>  4500 S LeJeune Rd<br>  Coral Gables, FL 33146-1813<br>Piantini, Albert J<br>Retained<br>  Piantini & Associates, P.A<br>  4000 Ponce de Leon Blvd., Suite 470<br>  Coral Gables, FL 33146<br>Wolowitz, Michael L<br>Retained<br>  2600 Island BLVD<br>  UNIT 2406<br>  Aventura, FL 33160<br>Cvelbar, Eric J<br>Retained<br>  877 Nw 61 St<br>  Ft Lauderdale, FL 33309-0000<br>★ Alfonso, Arturo Ricardo<br>Retained<br>  Arturo R Alfonso, PA<br>  7821 Coral Ay, Suite 125<br>  Miami, FL 33155-0000 |

**[−] Disposition Detail**

| Date | Statistical Closure(s) |
|---|---|
| 01/05/2009 | Disposed by Judge |

| View | Date | Disposition(s) | Pages |
|---|---|---|---|
| 🔲 | | | |

| | 05/05/2017 | **Notice of Filing/Notice of Removal to Federal Court** | 10 |
|---|---|---|---|
| | 04/20/2017 | **Notice of Filing/Notice of Removal to Federal Court** | 8 |
| | 12/02/2016 | **Mandate Affirmed**<br>    Vol./Book 0 , Page 0,  2 pages<br>    Instrument Number 114087866 | 2 |
| | 08/13/2009 | **Foreclosure - Converted Sale Data**<br>    Converted Disposition:<br>        Converted Sale Data<br>    Foreclosure - Property<br>        Date of Order: 08/13/2009, Judgment Amount:<br>        Awarded To: Washington Mutual Bank<br>        Awarded Against: Juan Gomez, et al<br>        Comment: Count# 01<br>        Foreclosure: Property Sale Cancelled<br>            Cancel Date: 03/20/2012<br>            Reason: Per Order | |
| | 02/11/2009 | **Suggestion of Bankruptcy**<br>    Converted Disposition:<br>        Suggestion Of Bankruptcy As To Juan Gomez 09-12356-Rbr (Lrp) | |
| | 01/05/2009 | **Final Judgment of Foreclosure**<br>    Converted Disposition:<br>        Final Judgment Of Foreclosure: Fld & Rec (Bxd) | 8 |

[−] Events, Hearings, Documents and Orders of the Court

**Other Documents on This Case**

| View | Date | Document Description | Pages |
|---|---|---|---|
| | 05/08/2017 | Amended Motion | 23 |
| | 05/05/2017 | Notice of Filing/Notice of Removal to Federal Court | 10 |
| | 05/04/2017 | Notice of Appearance | 3 |
| | 05/04/2017 | Motion for Final Judgment | 22 |
| | 04/21/2017 | Notice of Filing/Notice of Removal to Federal Court | 8 |
| | 04/20/2017 | Order/Issue Writ of Possession | 2 |
| | 04/19/2017 | Notice of Appearance | 2 |
| | 04/18/2017 | Notice of Lis Pendens | 3 |
| | 04/18/2017 | Objection | 22 |
| | 04/05/2017 | Notice of Hearing | 3 |
| | 03/24/2017 | Notice of Filing | 10 |
| | 02/15/2017 | Suggestion of Bankruptcy | 1 |
| | 02/14/2017 | Suggestion of Bankruptcy | 1 |
| | 02/13/2017 | Suggestion of Bankruptcy | 2 |
| | 02/13/2017 | Notice of Appearance | 2 |
| | 01/18/2017 | Notice of Hearing | 3 |
| | 12/21/2016 | Appeal Volume 1 | 854 |
| | 12/21/2016 | Appeal Index | 7 |
| | 12/20/2016 | Order Rescheduling Foreclosure Sale | 2 |
| | 12/20/2016 | Motion to Dismiss | 4 |
| | 12/20/2016 | Motion to Reschedule Foreclosure Sale | 5 |
| | 12/20/2016 | Order | 2 |
| | 12/20/2016 | Emergency Motion | 1 |
| | 12/20/2016 | Order Cancelling Foreclosure Sale | 2 |
| | 12/20/2016 | Emergency Motion | 2 |
| | 12/20/2016 | Proof of Publication | 1 |
| | 12/20/2016 | Order Rescheduling Foreclosure Sale | 2 |
| | 12/20/2016 | Motion to Reschedule Foreclosure Sale | 2 |
| | 12/20/2016 | Notice of Filing | 4 |
| | 12/20/2016 | Suggestion of Bankruptcy | 1 |
| | 12/20/2016 | Consent to Extend Foreclosure Sale | 1 |
| | 12/20/2016 | Order Rescheduling Foreclosure Sale | 3 |
| | 12/20/2016 | Motion to Reschedule Foreclosure Sale | 2 |
| | 12/20/2016 | Consent to Extend Foreclosure Sale | 1 |
| | 12/20/2016 | Order Rescheduling Foreclosure Sale | 3 |
| | 12/20/2016 | Order Rescheduling Foreclosure Sale | 2 |

| | 12/20/2016 | Order | 2 |
|---|---|---|---|
| | 12/20/2016 | Motion to Reschedule Foreclosure Sale | 4 |
| | 12/20/2016 | Ord Setting/Resetting Foreclosure Sale | 2 |
| | 12/20/2016 | Notice of Filing | 4 |
| | 12/20/2016 | Order | 1 |
| | 12/20/2016 | Motion | 2 |
| | 12/20/2016 | Motion to Set Aside Judgment | 17 |
| | 12/20/2016 | Consent/Request to Extend Sale Date | 1 |
| | 12/20/2016 | Plaintiff's Exhibits (In File) | 29 |
| | 12/20/2016 | Final Judgment of Foreclosure | 8 |
| | 12/20/2016 | Affidavit in Support | 4 |
| | 12/20/2016 | Affidavit of Costs | 2 |
| | 12/20/2016 | Affidavit of Costs | 2 |
| | 12/20/2016 | Affidavit | 2 |
| | 12/20/2016 | Motion for Default & Default | 2 |
| | 12/20/2016 | Lis Pendens | 3 |
| | 12/20/2016 | Petition | 34 |
| | 12/20/2016 | Suggestion of Bankruptcy | 2 |
| | 12/20/2016 | Suggestion of Bankruptcy | 1 |
| | 12/20/2016 | Motion | 1 |
| | 12/20/2016 | Order | 1 |
| | 12/20/2016 | Proof of Publication | 2 |
| | 12/20/2016 | Proof of Publication | 1 |
| | 12/20/2016 | Order Denying Motion | 1 |
| | 12/20/2016 | Order | 2 |
| | 12/20/2016 | Motion to Cancel Foreclosure Sale | 2 |
| | 12/20/2016 | Motion to Quash | 17 |
| | 12/20/2016 | Amended Motion | 5 |
| | 12/20/2016 | Notice of Filing | 4 |
| | 11/17/2016 | eWrit Issuance - Possession | |
| | 11/15/2016 | Order Denying Motion | 1 |
| | 11/14/2016 | Notice of Appearance | 2 |
| | 11/10/2016 | Motion for Rehearing | 2 |
| | 11/08/2016 | Order Denying Motion | 1 |
| | 11/08/2016 | Notice of Hearing | 2 |
| | 11/08/2016 | Motion for Extension of Time | 2 |
| | 11/07/2016 | Notice of Cancellation | 2 |
| | 10/26/2016 | In File | 1 |
| | 10/25/2016 | Notice of Hearing | 1 |
| | 10/25/2016 | Motion | 6 |
| | 10/17/2016 | Order | 2 |
| | 10/17/2016 | Notice of Withdrawal | 1 |
| | 10/13/2016 | Order | 1 |
| | 10/10/2016 | Notice of Filing | 24 |
| | 10/10/2016 | Motion for Continuance | 2 |
| | 09/28/2016 | Amended Notice of Hearing | 3 |
| | 09/16/2016 | Objection | 3 |
| | 09/15/2016 | Notice of Hearing | 3 |
| | 08/25/2016 | Notice of Claim | 3 |
| | 08/16/2016 | Motion for Writ of Possession | 8 |
| | 08/05/2016 | Notice of Hearing | 2 |
| | 08/05/2016 | Emergency Motion | 3 |
| | 08/04/2016 | Order | 1 |
| | 06/08/2016 | 4th DCA Order | 1 |
| | 06/08/2016 | Acknowledgment | 1 |
| | 06/08/2016 | 4th DCA Order | 1 |
| | 06/04/2016 | Order Denying Motion | 2 |
| | 06/01/2016 | Notice of Service | 5 |
| | 06/01/2016 | Notice of Appeal | 2 |
| | 05/27/2016 | Motion to Vacate | 10 |
| | 05/26/2016 | Order Granting Motion to Withdraw | 3 |
| | 05/16/2016 | Motion for Rehearing | 2 |
| | 05/16/2016 | Motion for Disqualification | 11 |
| | 05/13/2016 | Motion for Rehearing | 3 |
| | 05/10/2016 | Notice of Limited Appearance | 1 |
| | 05/05/2016 | Order | 2 |
| | 04/29/2016 | Order Denying Motion to Dismiss | 2 |
| | 04/29/2016 | Notice of Hearing | 3 |
| | 04/13/2016 | Motion to Dismiss | 5 |
| | 04/13/2016 | Notice of Limited Appearance | 2 |
| | 03/24/2016 | 4th DCA Order | 1 |
| | 12/08/2015 | Notice of Filing | 5 |
| | 09/15/2015 | Transmittal Letter | 1 |

| | Date | Description | Pages |
|---|---|---|---|
| | 07/23/2015 | 4th DCA Order | 1 |
| | 07/08/2015 | Appeal Record Completed | 10 |
| | 06/12/2015 | 4th DCA Order | 1 |
| | 06/12/2015 | 4th DCA Order | 1 |
| | 06/12/2015 | 4th DCA Order | 1 |
| | 06/12/2015 | Acknowledgment | 1 |
| | 06/09/2015 | Notice of Appeal | 2 |
| | 05/19/2015 | Objection to Sale | 4 |
| | 05/14/2015 | Suggestion of Bankruptcy | 1 |
| | 05/08/2015 | Bid Sheet | 1 |
| | 05/08/2015 | Notice of Service | 4 |
| | 05/08/2015 | Certificate of Sale | 1 |
| | 05/07/2015 | Notice of Current Address | 1 |
| | 05/06/2015 | Notice of Hearing | 2 |
| | 04/20/2015 | Notice of Hearing | 2 |
| | 04/10/2015 | Notice of Sale - Issued by Attorney | 4 |
| | 04/09/2015 | Notice of Service | 4 |
| | 04/09/2015 | Notice of Filing | 21 |
| | 04/09/2015 | Motion | 3 |
| | 04/02/2015 | Final Disposition Form | 1 |
| | 03/31/2015 | Response to Motion | 30 |
| | 03/31/2015 | Notice of Filing | 6 |
| | 03/30/2015 | Notice of Hearing | 10 |
| | 03/30/2015 | Motion | 4 |
| | 03/30/2015 | Affidavit | 2 |
| | 03/24/2015 | Notice of Hearing | 3 |
| | 03/24/2015 | Notice of Service | 6 |
| | 02/25/2015 | Order Setting Case Management Conference | 1 |
| | 02/25/2015 | Order of Referral to General Magistrate | 3 |
| | 02/25/2015 | Report & Recommendation of Special Magistrate | 4 |
| | 02/24/2015 | Notice | 2 |
| | 01/15/2015 | Motion to Reschedule Foreclosure Sale | 6 |
| | 12/29/2014 | Motion to Compel | 12 |
| | 12/18/2014 | Notice of Filing | 6 |
| | 12/03/2014 | Suggestion of Bankruptcy | 1 |
| | 12/02/2014 | Amended | 9 |
| | 12/02/2014 | Order Cancelling Foreclosure Sale | 1 |
| | 11/26/2014 | Motion to Intervene | 4 |
| | 11/05/2014 | Notice of Sale - Issued by Attorney | 5 |
| | 11/03/2014 | Order of Referral to General Magistrate | 3 |
| | 10/03/2014 | Order Rescheduling Foreclosure Sale | 2 |
| | 09/09/2014 | Lis Pendens | 2 |
| | 08/28/2014 | Motion to Withdraw | 2 |
| | 08/28/2014 | Motion to Withdraw | 2 |
| | 08/19/2014 | Notice of Hearing | 3 |
| | 08/14/2014 | Motion to Reschedule Foreclosure Sale | 6 |
| | 06/12/2014 | Suggestion of Bankruptcy | 9 |
| | 06/10/2014 | Order | 2 |
| | 06/10/2014 | Notice of Filing | 4 |
| | 06/06/2014 | Notice of Compliance | 2 |
| | 06/05/2014 | Proof of Publication | 2 |
| | 06/03/2014 | Reopen Case Billed | 1 |
| | 06/02/2014 | Motion to Cancel Foreclosure Sale | 5 |
| | 05/15/2014 | Notice of Sale - Issued by Attorney | 4 |
| | 04/08/2014 | Order Rescheduling Foreclosure Sale | 2 |
| | 04/08/2014 | Notice of Filing | 11 |
| | 04/07/2014 | Notice of Appearance | 2 |
| | 04/01/2014 | Amended Notice of Hearing | 3 |
| | 02/05/2014 | Notice of Cancellation | 3 |
| | 06/21/2013 | Notice of Taking Deposition Duces Tecum | 2 |
| | 06/20/2013 | Notice of Hearing | 3 |
| | 05/22/2013 | Notice of Hearing | 2 |
| | 05/10/2013 | 2013/5/1 Daily Business Review | 1 |

| View | Date | Description | Additional Text | Pages |
|---|---|---|---|---|
| | 05/05/2017 | **Notice of Filing/Notice of Removal to Federal Court** | | |
| | 05/04/2017 | **Amended Motion** | FOR FINAL DEFICIENCY JUDGMENT<br>Party: *Plaintiff* Washington Mutual Bank | 23 |
| | 05/03/2017 | **Motion for Final Judgment** | Party: *Plaintiff* Washington Mutual Bank | 22 |
| | 05/03/2017 | **Notice of Appearance** | JPMORGAN CHASE BANK NA/ TERRANCE W ANDERSON<br>FBN: 27426 | 3 |

| | 04/20/2017 | Notice of Filing/Notice of Removal to Federal Court | | |
|---|---|---|---|---|
| | 04/19/2017 | Order/Issue Writ of Possession | ALIAS WRIT OF POSSESSION/ WRIT IS STAYED UNTIL 5/5/17; NO NEW WRIT NEED BE ISSUED | 2 |
| | 04/18/2017 | Notice of Appearance | Party: *Defendant* Gomez, Juan M | 2 |
| | 04/17/2017 | Objection | MOTION FOR DECLARATORY RELIEF AND OBJECTION TO ISSUANCE OF WRIT OF POSSESSION Party: *Defendant* Gomez, Juan M | 22 |
| | 04/17/2017 | Notice of Lis Pendens | | 3 |
| | 04/05/2017 | Notice of Hearing | | 3 |
| | 03/24/2017 | Notice of Filing | CASE NO. 17-11733-JKO FILED BY DEFENDANT JUAN M. GOMEZ CASE NO. 16-26051-JKO FILED BY DEFENDANT DHARMA FOUNDATION, INC Party: *Plaintiff* Washington Mutual Bank | 10 |
| | 02/14/2017 | Suggestion of Bankruptcy | Bankruptcy Chapter 11 Case #: 17-11733 | 1 |
| | 02/14/2017 | Suggestion of Bankruptcy | SBA #: 17-11733-JKO Party: *Defendant* Gomez, Juan M | 1 |
| | 02/10/2017 | Notice of Appearance | | 2 |
| | 02/10/2017 | Suggestion of Bankruptcy | SUGGESTION OF PENDING APPEAL AND PENDING BANKRUPTCY Party: *Defendant* Gomez, Juan M | 2 |
| | 01/18/2017 | Notice of Hearing | February 14,2017 @ 8:45am. Rm 518/519 | 3 |
| | 12/20/2016 | Motion for Alias Writ of Possession | successful bidder, JPMorgan Chase Bank | 9 |
| | 12/20/2016 | Notice of Filing | ORDER DISMISSING CASE | 4 |
| | 12/20/2016 | Re-open Fee | Payor: BARRY FISHMAN ; Userid: CTS-fg/t ; Receipt: 20161FA1A177707; ; Amount: $50.00 | |
| | 12/02/2016 | Mandate Affirmed | | |
| | 11/16/2016 | eWrit Issuance - Possession | | 2 |
| | 11/14/2016 | Appeal Filing Fee CC->DCA | Payor: RAFAEL BURGOS-VAZQUEZ ; Userid: CTS-fg/t ; Receipt: 20161FA1A159316; ; Amount: $100.00 | |
| | 11/10/2016 | Motion for Rehearing | Party: *Defendant* Gomez, Juan M | 2 |
| | 11/10/2016 | Re-open Fee | Payor: RAFAEL BURGOS-VAZQUEZ ; Userid: CTS-fg/t ; Receipt: 20161FA1A158798; ; Amount: $50.00 | |
| | 11/10/2016 | Notice of Appeal | Party: *Defendant* Gomez, Juan M | 5 |
| | 11/10/2016 | Notice of Appearance | Party: *Defendant* Gomez, Juan M | 2 |
| | 11/10/2016 | Order Denying Motion | Order on Deft, Juan Gomez's Emergency Motion for Rehearing for Extension of Time to Comply With Court Order Setting Supersedeas Bond is Denied | 1 |
| | 11/10/2016 | 4th DCA Order | ORDERED that the appellee's August 30, 2016 motion for attorney's fees is granted. On remand, the trial court shall set the amount of the attorney's fees to be awarded for this | 1 |
| | 11/07/2016 | Notice of Cancellation | | 2 |
| | 11/07/2016 | Order Denying Motion | Via Special Appearance for Extension of Time to Comply with Court Order | 1 |
| | 11/04/2016 | Motion for Extension of Time | Party: *Defendant* Gomez, Juan M | 2 |
| | 11/04/2016 | Notice of Hearing | November 7, 2016 at 8:45am room 519 | 2 |
| | 10/26/2016 | Order Staying Writ of Possession | until 11/11/16 | |
| | 10/25/2016 | Motion | FOR DECLARATORY RELIEF AND OBJECTION TO WRIT OF POSSESSION | 6 |
| | 10/25/2016 | Re-open Fee | Payor: RAFAEL BURGOS-VAZQUEZ ; Userid: CTS-fg/t ; Receipt: 20161FA1A150230; ; Amount: $50.00 | |
| | 10/25/2016 | Notice of Hearing | | 1 |
| | 10/24/2016 | Order of Remand | | 3 |
| | 10/24/2016 | Motion | VIA SPECIAL APPEARANCE FOR REHEARING ON | 4 |

| | Date | Type | Description | |
|---|---|---|---|---|
| | | | PLAINTIFF'S MOTION FOR WRIT OF POSSESSION AND/OR TO VACATE ORDER GRANTING WRIT OF POSSESSION, AND TO STAY CASE PENDING APPEAL *Party: Defendant* Gomez, Juan M | |
| | 10/13/2016 | Order | ON PLAINTIFF'S MOTION FOR WRIT OF POSSESSION AND DEFENDANT'S OBJECTION TO PLAINTIFF'S MOTION FOR ISSUANCE OF WRIT OF POSSESSION AND MOTION TO STAY CASE PENDING APPEAL / WRIT IS STAYED UNTIL 10/28/2016 | 2 |
| | 10/10/2016 | Motion for Continuance | *Party: Defendant* Gomez, Juan M | 2 |
| | 10/10/2016 | Notice of Filing | OF REMOVAL TO FEDERAL COURT by Rafael Burgos-Vasquez | 24 |
| | 10/10/2016 | Order | ON PLTF'S MOTION FOR WRIT OF POSSESSION AND DEFT'S OBJECTION TO PLTF'S MOTION FOR ISSUANCE OF WRIT OF POSSESSION/DEFFERED | 1 |
| | 10/05/2016 | Notice of Withdrawal | NOTICE OF WITHDRAWAL OF OBJECTION VIA SPECIAL APPEARANCE TO PLAINTIFF'S MOTION FOR ISSUANCE OF WRIT OF POSSESSION AND MOTION TO STAY CASE PENDING APPEAL AND/OR FOR EVIDENTIARY HEARING TO DETERMINE APPELLATE BOND *Party: Defendant* Gomez, Juan M | 1 |
| | 09/26/2016 | Amended Notice of Hearing | 10.10.16 | 3 |
| | 09/15/2016 | Objection | VIA SPECIAL APPEARANCE TO PLAINTIFF'S MOTION FOR ISSUANCE OF WRIT OF POSSESSION AND MOTION TO STAY CASE PENDING APPEAL AND/OR FOR EVIDENTIARY HEARING TO DETERMINE APPELLATE BOND *Party: Defendant* Gomez, Juan M | 3 |
| | 09/13/2016 | Notice of Hearing | October 10,2016 @ 1:30pm rm 518/519 | 3 |
| | 08/25/2016 | Notice of Claim | NOTICE AND DEMAND FOR PROOF OF JURISDICTION AND NOTICE OF CLAIM OF UNCONSTITIONALITY *Party: Defendant* Gomez, Juan M | 3 |
| | 08/16/2016 | Motion for Writ of Possession | successful bidder, JPMorgan Chase Bank *Party: Plaintiff* Washington Mutual Bank | 8 |
| | 08/16/2016 | Re-open Fee | Payor: BARRY FISHMAN ; Userid: CTS-fg/t ; Receipt: 20161FA1A114784; ; Amount: $50.00 | |
| | 08/03/2016 | Order | ON MOTION VIA SPECIAL APPEARENCE DENIED AS MOOT | 1 |
| | 08/02/2016 | Emergency Motion | *Party: Defendant* Gomez, Juan M | 3 |
| | 08/02/2016 | Notice of Hearing | 08/03/2016 | 2 |
| | 06/07/2016 | 4th DCA Order | ORDERED that appellant is directed to file, within fifteen (15) days from the date of this order, a conformed copy of the order being appealed. | 1 |
| | 06/07/2016 | Acknowledgment | The Fourth District Court of Appeal has received the Notice of Appeal reflecting a filing date of May 27, 2016 | 1 |
| | 06/07/2016 | 4th DCA Order | The jurisdiction of this court was invoked by filing of a Notice of Appeal in the lower tribunal. | 1 |
| | 06/02/2016 | Order Denying Motion | VIA SPECIAL APPEARANCE TO VACATE MAY 4, 2016 ORDER RATIFYING CLERK'S SALE, DIRECTING ISSUANCE OF CERTIFICATE OF TITL, DENYING DEFENDANT'S OBJECTION TO SALE AND TO VACATE SALE AND CERTIFICATE OF TITLE | 2 |
| | 06/01/2016 | Appeal Filing Fee CC->DCA | Payor: RAFAEL BURGOS-VAZQUEZ ; Userid: CTS-fg/t ; Receipt: 20161FA1A074031; ; Amount: $100.00 | |
| | 05/27/2016 | Notice of Hearing | | 1 |
| | 05/27/2016 | Notice of Appeal | *Party: Defendant* Gomez, Juan M | 2 |
| | 05/26/2016 | Motion to Vacate | MOTION VIA SPECIAL APPEARANCE TO VACATE MAY 4, 2016 ORDER RATIFYING CLERK'S SALE, DIRECTING ISSUANCE OF CERTIFICATE OF TITLE, DENYING | 10 |

| | Date | Document | Description | # |
|---|---|---|---|---|
| | | | DEFENDANT'S OBJECTION TO SALE AND TO VACATE SALE AND CERTIFICATE OF TITLE | |
| | 05/26/2016 | **Notice of Service** | NOTICE OF SERVING ORDER GRANTING MOTION TO WITHDRAW AS CO-COUNSEL FOR PLAINTIFF<br>Party: *Plaintiff* Washington Mutual Bank | 5 |
| | 05/24/2016 | **Order Granting Motion to Withdraw** | AS CO-COUNSEL FOR PLTF | 3 |
| | 05/19/2016 | **Motion to Withdraw** | AS CO-COUNSEL<br>Party: *Plaintiff* Washington Mutual Bank | 3 |
| | 05/16/2016 | **Re-open Fee** | Payor: RAFAEL BURGOS-VAZQUEZ ; Userid: CTS-fg/t ; Receipt: 20161FA1A066041; ; Reason: F18<br>Amount: $0.00 | |
| | 05/11/2016 | **Motion for Rehearing** | AND NOTICE OF REMOVAL<br>Party: *Defendant* Gomez, Juan M | 3 |
| | 05/11/2016 | **Re-open Fee** | Payor: RAFAEL BURGOS-VAZQUEZ ; Userid: CTS-fg/t ; Receipt: 20161FA1A063971; ;<br>Amount: $50.00 | |
| | 05/11/2016 | **Motion for Disqualification** | BENEFICIARY MOTION TO DISQUALIFY TRIAL COURT JUDGE FROM ALL PENDING MOTIONS/Rafael Burgos Vasquez<br>Party: *Defendant* Gomez, Juan M | 11 |
| | 05/11/2016 | **Motion for Rehearing** | Party: *Defendant* Gomez, Juan M | 2 |
| | 05/10/2016 | **Motion for Rehearing** | Party: *Defendant* Gomez, Juan M | 3 |
| | 05/09/2016 | **Certificate of Title** | | 2 |
| | 05/04/2016 | **Order** | RATIFYING CLERK'S SALE AND DIRECTING ISSUANCE OF CERTIFICATE OF TITLE AND DENYING DEFENDANT'S OBJECTION TO SALE/ DENIED | 2 |
| | 05/04/2016 | **Notice of Limited Appearance** | for the Defendants, JUAN GOMEZ and RAFAEL BURGOS | 1 |
| | 05/04/2016 | **Notice of Hearing** | DATE: May 4, 2016 Room 519 TIME: 1:30 p.m | 2 |
| | 05/04/2016 | **Notice of Limited Appearance** | DF, RAFAEL BURGOS | 1 |
| | 05/03/2016 | **Re-Notice of Hearing** | on May 4, 2016 @ 1:30 p.m. Rm# 519 | 2 |
| | 04/28/2016 | **Notice of Hearing** | 05/04/2016 @ 1:30PM RM 518/519 | 3 |
| | 04/27/2016 | **Order Denying Motion to Dismiss** | TO DISMISS FOR FRAUD AND TO VACATE FINAL JUDGMENT | 2 |
| | 04/13/2016 | **Reopen Case Billed** | MOT TO DISMISS<br>Party: *Defendant* Gomez, Juan M<br>Amount: $50.00 | |
| | 04/07/2016 | **Notice of Limited Appearance** | Party: *Defendant* Gomez, Juan M | 2 |
| | 04/07/2016 | **Motion to Dismiss** | FOR FRAUD AND TO VACATE FINAL JUDGMENT<br>Party: *Defendant* Gomez, Juan M | 5 |
| | 03/23/2016 | **4th DCA Order** | ORDERED that the appellee's December 3, 2015 motion for attorney's fees is granted | 1 |
| | 12/07/2015 | **Notice of Filing** | Affidavit of Non-Military Service by JP Morgan Chase Bank NA | 5 |
| | 09/22/2015 | **Evidence out to 4th DC** | SCAN CIVIL BOX 400 | |
| | 09/15/2015 | **Transmittal Letter** | E-filed record to the 4DCA (3 volumes ) 4D15-2210<br>Letter mailed to all parties | 1 |
| | 07/22/2015 | **4th DCA Order** | ORDERED that the appellants' July 20, 2015 motion for reinstatement is granted, and the above-styled appeal is reinstated; further | 1 |
| | 07/15/2015 | **4th DCA Order** | ORDERED sua sponte that the above-styled appeal is dismissed for failure to comply with this court's orders dated June 11, 2015 | 1 |
| | 07/13/2015 | **Appeals - Preparation Fee** | Payor: RAFAEL VASQUEZ ; Userid: CTS-jlazcano ; Receipt: 20151AP1A000842; ;<br>Amount: $85.40 | |
| | 07/08/2015 | **Appeal Record Completed** | 3 volumes (4D15-2210) | 10 |
| | 06/25/2015 | **Appeals - Preparation Fee** | Payor: DHARMA FOUNDATION, INC. ; Userid: CTS-bforbes ; Receipt: 20151AP1A000788; ;<br>Amount: $350.60 | |
| | 06/25/2015 | **Appeals - Signing and Sealing** | Payor: DHARMA FOUNDATION, INC. ; Userid: CTS- | |

| | Date | Type | Description | Pages |
|---|---|---|---|---|
| | | | bforbes ; Receipt: 20151AP1A000788; ; Amount: $7.00 | |
| | 06/25/2015 | **Appeals - Copy** | Payor: DHARMA FOUNDATION, INC. ; Userid: CTS-bforbes ; Receipt: 20151AP1A000788; ; Amount: $46.00 | |
| 📄 | 06/11/2015 | **Acknowledgment** | The Fourth District Court of Appeal,has received the Notice of Appeal reflecting a filing date of June 8, 2015 | 1 |
| 📄 | 06/11/2015 | **4th DCA Order** | ORDERED that appellant is directed to file, within fifteen (15) days from the date of this order, a conformed copy of the order being appealed. See Florida Rule of Appellate | 1 |
| 📄 | 06/11/2015 | **4th DCA Order** | The jurisdiction of this court was invoked by filing of a Notice of Appeal in the lower tribunal. The $300.00 filing fee, or a circuit court clerk's determination of indigent status, did | 1 |
| 📄 | 06/11/2015 | **4th DCA Order** | The Court has received the Notice of Appeal filed by appellant in the above-styled case. The notice is not in conformance with the Florida Rules of Appellate Procedure | 1 |
| | 06/08/2015 | **Appeal Filing Fee CC->DCA** | Payor: DHARMA FOUNDATION INC ; Userid: CTS-tdaley ; Receipt: 20151AP1A000710; ; Amount: $100.00 | |
| 📄 | 06/08/2015 | **Notice of Appeal** | | 2 |
| | 05/19/2015 | **Comment:** | TITLE NOT ISSUED DUE TO OBJECTION TO SALE | |
| | 05/18/2015 | **Re-open Fee** | Payor: J GOMEZ ; Userid: CTS-sshine ; Receipt: 20151YE1L000773; ; Amount: $50.00 | |
| 📄 | 05/18/2015 | **Objection to Sale** | AMENDED/AND MOTION TO STAY FINAL JUDGMENT PENDING APPEAL Party: *Defendant* Gomez, Juan M | 4 |
| 📄 | 05/15/2015 | **Objection to Sale** | AND MOTION TO STAY FINAL JUDGMENT PENDING APPEAL Party: *Defendant* Gomez, Juan M | 7 |
| | 05/14/2015 | **Re-open Fee** | Payor: JUAN GOMEZ ; Userid: CTS-rmatthews ; Receipt: 20151YE1L000751; ; Amount: $50.00 | |
| 📄 | 05/13/2015 | **Suggestion of Bankruptcy** | filed by Rafael Burgos-bankruptcy filed on 01/23/14 | 1 |
| 📄 | 05/08/2015 | **Certificate of Sale** | | 1 |
| 📄 | 05/08/2015 | **Bid Sheet** | | 1 |
| | 05/07/2015 | **Foreclosure Sale Fee** | Payor: Celeste Vilonna ; Userid: CTS- ; Receipt: 20151RA1A010350; ; Amount: $70.00 | |
| 📄 | 05/07/2015 | **Notice of Service** | SERVING ORDER ON DEFENDANT'S MOTION TO CANCEL FORECLOSURE SALE Party: *Plaintiff* Washington Mutual Bank | 4 |
| | 05/07/2015 | **Foreclosure Sale** | Hearing Time: 10:00 A.M. Not Applicable, , , Location: On-line @ www.broward.realforeclose.com | |
| 📄 | 05/05/2015 | **Notice of Hearing** | 05/06/2015 @ 1:30 P.M. /RM 518 | 2 |
| 📄 | 05/04/2015 | **Notice of Current Address** | Party: *Defendant* Gomez, Juan M | 1 |
| 📄 | 04/30/2015 | **Proof of Publication** | 10AM on May 7, 2015 | 2 |
| 📄 | 04/16/2015 | **Notice of Hearing** | 05/06/15 @ 1:30 PM RM 518 | 2 |
| 📄 | 04/10/2015 | **Notice of Sale - Issued by Attorney** | sale date of May 7. 2015 | 4 |
| 📄 | 04/09/2015 | **Motion** | FOR RECONSIDERATION OF 04/01/15 ORDER & NOTICE OF REMOVAL Party: *Defendant* Gomez, Juan M | 3 |
| 📄 | 04/09/2015 | **Notice of Filing** | PETITION FOR REMOVAL , NOTICE AND PETITION | 21 |
| | 04/07/2015 | **Notice of Sale to be Issued by Attorney** | | |
| 📄 | 04/07/2015 | **Notice of Service** | AND FILING ORDER ON RAFAEL BURGOS'S MOTION | 4 |

| | | | | |
|---|---|---|---|---|
| | | | FOR INTERVENTION<br>Party: *Plaintiff* Washington Mutual Bank | |
| | 04/01/2015 | **Final Disposition Form** | | 1 |
| | 04/01/2015 | **Order Rescheduling Foreclosure Sale** | SALE RESET TO 5/7/15 AND MOTION TO INTERVENE (DENIED) | 1 |
| | 03/27/2015 | Re-open Fee | Payor: RAFAEL BURGOS ; Userid: CTS-rbuchanan ; Receipt: 20151YE1L000524; Comments: VISA ; Amount:  $50.00 | |
| | 03/27/2015 | **Affidavit** | OF RAFAEL BURGOS-VAZOUEZ<br>Party: *Defendant* Gomez, Juan M | 2 |
| | 03/27/2015 | **Motion** | TO STRIKE CROSS-NOTICE OF HEARING<br>Party: *Defendant* Gomez, Juan M | 4 |
| | 03/27/2015 | **Notice of Hearing** | | 10 |
| | 03/25/2015 | **Notice of Filing** | Party: *Plaintiff* Washington Mutual Bank | 6 |
| | 03/25/2015 | **Response to Motion** | Party: *Plaintiff* Washington Mutual Bank | 30 |
| | 03/24/2015 | **Notice of Service** | OF ORDER SETTING CASE MANAGEMENT CONFERENCE<br>Party: *Plaintiff* Washington Mutual Bank | 6 |
| | 03/19/2015 | **Notice of Service** | ORDER SETTING CASE MANAGEMENT CONFERENCE<br>Party: *Plaintiff* Washington Mutual Bank | 6 |
| | 03/19/2015 | **Notice of Hearing** | 04/01/15 at 08:30 rm 518 (cross-notice) | 3 |
| | 02/24/2015 | **Report & Recommendation of Special Magistrate** | | 4 |
| | 02/24/2015 | **Order of Referral to General Magistrate** | & SCHEDULING ORDER Case Management Scheduled on APRIL 1, 2015 @ 8:30 A.M. RM 518 | 3 |
| | 02/24/2015 | **Order Setting Case Management Conference** | On Wednesday, April 1, 2015 at 08:30 AM rm 518 | 1 |
| | 02/23/2015 | **Notice** | of Irrevocable Estoppel by Acquiescence<br>Party: *Defendant* Gomez, Juan M | 2 |
| | 02/02/2015 | Re-open Fee | Payor: RAFAEL BURGOS ; Userid: CTS-sharris ; Receipt: 20151YE11000274; ; Amount:  $50.00 | |
| | 02/02/2015 | **Emergency Motion** | TO DISCHARGE LIS PENDES, ABATE FORECLOSURE, CANCEL FORECLOSURE SALE, STAY ANY FURTHUR FORECLOSURE PROCEEDINGS AND SET ASIDE DEFAULT<br>Party: *Defendant* Gomez, Juan M | 21 |
| | 01/29/2015 | **Notice of Hearing** | February 24,2015 at 8:45 rm 518/519 | 9 |
| | 01/15/2015 | Re-open Fee | Payor: BARRY FISHMAN ; Userid: CTS-fg/t ; Receipt: 20151FA1A006283; ; Amount:  $50.00 | |
| | 01/14/2015 | **Motion to Reschedule Foreclosure Sale** | ATTACHED: **ORD STAY SBANK 14-36329-RBR** | 6 |
| | 01/08/2015 | **Notice of Filing** | BANKRUPTCY ORDER DISMISSING BANKRUPTCY CASE WITH PREJUDICE AND GRANTING TWO YEAR IN REM STAY RELIEF AGAINST REAL PROPERTY LOCATED AT 900 S. NORTH LAKE DR. HOLLYWOOD, FLORIDA 33019<br>Party: *Plaintiff* Washington Mutual Bank | 5 |
| | 01/06/2015 | **Order** | That Defendant's Motion to Take Judicial Notice of Secure Creditor Lien ( DENIED ) | 2 |
| | 12/24/2014 | **Motion to Compel** | (Rafael Burgos-Vaquez) Emergency Injunction , Motion to show cause , Moiton to compel | 12 |
| | 12/16/2014 | **Notice of Filing** | of the December 15, 2014 Bankruptcy Order Dismissing<br>Party: *Plaintiff* Washington Mutual Bank | 6 |
| | 12/16/2014 | **Notice of Filing** | Order Dismissing Case with Prejudice | 6 |
| | 12/11/2014 | **Order Granting Motion to Withdraw** | | 1 |
| | 12/03/2014 | **Motion to Withdraw** | AS COUNSEL FOR DEFENDANT<br>Party: *Defendant* Gomez, Juan M | 2 |
| | 12/03/2014 | **Foreclosure Sale** | *CANCELED  Suggestion of Bankruptcy*<br>Hearing Time: 10:00 AM<br>Not Applicable, , , Location: On-line @ www.broward.realforeclose.com | |

| | Date | Type | Description | |
|---|---|---|---|---|
| | 12/02/2014 | **Suggestion of Bankruptcy** | SBA 12/01/14 CASE # 14-36329-RBR<br>Party: *Defendant* Gomez, Juan M | 1 |
| | 12/01/2014 | **Re-open Fee** | Payor: RAFAEAL BURGOS ; Userid: CTS-aakins ;<br>Receipt: 20141YE1L002000; Comments: MC ;<br>Amount:  $50.00 | |
| | 12/01/2014 | **Order Cancelling Foreclosure Sale** | DENIED | 1 |
| | 12/01/2014 | **Amended** | MOTION TO INTERVINE | 9 |
| | 12/01/2014 | **Notice of Hearing** | 01/06/2015 time 8:45a.m rm 518 | 2 |
| | 12/01/2014 | **Notice of Hearing** | 12/1/2014 TIME 9:15A.M RM 518 | 2 |
| | 11/25/2014 | **Re-open Fee** | Payor: RAFAEL BURGOS ; Userid: CTS-aakins ; Receipt:<br>20141YE1L001993; Comments: VISA ;<br>Amount:  $50.00 | |
| | 11/25/2014 | **Proof of Publication** | SALE DATE 12/3/14 | 2 |
| | 11/24/2014 | **Motion to Intervene** | | 4 |
| | 11/04/2014 | **Notice of Sale - Issued by Attorney** | AT 1 0:00 AM on December 3.2014 | 5 |
| | 10/30/2014 | **Order of Referral to General Magistrate** | MOTION FOR INTERVENTION AND MOTION TO VACATE<br>DEFAULT JUDGMENT AND PUNITIVE DAMAGE AND<br>CROSS CLAIMS | 3 |
| | 10/21/2014 | **Order of Referral to General Magistrate** | FOR MOTION FOR INTERVENTION & MOTION TO<br>VACATE DEFAULT JUDGMENT & PUNITIVE DAMAGE &<br>CROSS CLAIMS | 3 |
| | 10/03/2014 | **Notice of Sale to be Issued by Attorney** | | |
| | 10/01/2014 | **Re-open Fee** | Payor: RAFAEAL VAZQUEZ ; Userid: CTS-trosewalker ;<br>Receipt: 20141YE1E000987; Comments: MATER CARD<br>;<br>Amount:  $50.00 | |
| | 10/01/2014 | **Motion to Intervene** | FILED BY RAFAEL BURGOS-VAZQUEZ | 12 |
| | 10/01/2014 | **Order Rescheduling Foreclosure Sale** | | 2 |
| | 09/03/2014 | **Lis Pendens** | Fld & Rec | 2 |
| | 08/27/2014 | **Motion to Withdraw** | AS COUNSEL FOR DEFENDANT JUAN M. GOMEZ<br>Party: *Defendant* Gomez, Juan M | 2 |
| | 08/27/2014 | **Motion to Withdraw** | AS COUNSEL FOR DEFENDANT JUAN M. GOMEZ<br>Party: *Defendant* Gomez, Juan M | 2 |
| | 08/19/2014 | **Notice of Hearing** | 10/01/2014 @ 1:30 P.M RM 518/519 | 3 |
| | 08/14/2014 | **Re-open Fee** | Payor: BARRY FISHMAN ; Userid: CTS-fg/t ; Receipt:<br>20141FA1A111825; ;<br>Amount:  $50.00 | |
| | 08/01/2014 | **Motion to Reschedule Foreclosure Sale** | Party: *Plaintiff* Washington Mutual Bank | 6 |
| | 07/28/2014 | **Notice of Filing** | Filing of BANKRUPTCY ORDER DISMISSING CASE<br>WITHOUT PREJUDICE FOR FAILURE TO OBTAIN<br>BUDGET AND CREDIT COUNSELING PRIOR TO FILING<br>and DENYING MOTION TO EXTEND TIME TO FILE<br>INFORMATION [ECF 8 | 6 |
| | 06/11/2014 | **Foreclosure Sale Fee** | Payor: Celeste Vilonna ; Userid: CTS- ; Receipt:<br>20141RA1A015572; ;<br>Amount:  $70.00 | |
| | 06/11/2014 | **Suggestion of Bankruptcy** | SBA 6/11/14 CASE # 14-23396-JKO | 1 |
| | 06/11/2014 | **Suggestion of Bankruptcy** | SBA: 14-23396/JUAN M. GOMEZ | 9 |
| | 06/11/2014 | **Foreclosure Sale** | *CANCELED  Suggestion of Bankruptcy*<br>Hearing Time: 10:00 AM<br>Not Applicable, , , Location: On-line @<br>www.broward.realforeclose.com | |
| | 06/10/2014 | **Notice of Filing** | LIS PENDENS<br>Party: *Defendant* Gomez, Juan M | 4 |
| | 06/10/2014 | **Suggestion of Bankruptcy** | RAFAEL BURGOS IS NOT A PARTY ON THIS CASE AND<br>THIS BANKRUPTCY DID CANCEL SALE | 1 |
| | 06/09/2014 | **Amended Notice of Hearing** | Cynthia G. Imperato, Circuit Judge, Seventeenth<br>Judicial Circuit ofFlorida, on Monday, June 9, 2014, at | 2 |

| | | | | |
|---|---|---|---|---|
| | | | 1:30 P.M., at the Broward County Courthouse, Courtroom 518,201 S.E. 6th Street, Fort | |
| | 06/09/2014 | **Order** | ON PARTY JUAN M. GOMEZ' MOTION TO RE-SET FORECLOSURE SALE PENDING DISPOSITION OF RELATED CASE// DENIED | 2 |
| | 06/05/2014 | **Proof of Publication** | | 2 |
| | 06/05/2014 | **Notice of Compliance** | WITH NOTIFICATION REQUIREMENTS OF ON-LINE SCHEDULING SYSTEM  Party: *Defendant* Gomez, Juan M | 2 |
| | 06/02/2014 | **Motion to Cancel Foreclosure Sale** | Party: *Defendant* Gomez, Juan M | 5 |
| | 06/02/2014 | **Reopen Case Billed** | (MAILED TO PIANTINI & ASSOCIATES) | 1 |
| | 05/15/2014 | **Notice of Sale - Issued by Attorney** | | 4 |
| | 04/22/2014 | **Order of Referral to General Magistrate** | | 2 |
| | 04/08/2014 | Notice of Sale to be Issued by Attorney | | |
| | 04/07/2014 | **Notice of Appearance** | AS CO-COUNSEL ON BEHALF OF DEFENDANT JUAN M GOMEZ  Party: *Defendant* Gomez, Juan M | 2 |
| | 04/07/2014 | **Notice of Appearance** | FOR DEF, ALBERT PIANTINI | 2 |
| | 04/07/2014 | **Motion to Transfer & Consolidate** | CASES FOR DISCOVERY AND TRIAL AND STAY FORECLOSURE SALE PENDING DISPOSITION OF ALL CASES  Party: *Defendant* Gomez, Juan M | 4 |
| | 04/07/2014 | **Notice of Filing** | NOTICE OF RECORDING REQUESTED BY DHARMA LAND TRUST/RAPHAEL BURGOS | 11 |
| | 04/07/2014 | **Order Rescheduling Foreclosure Sale** | | 2 |
| | 04/01/2014 | **Amended Notice of Hearing** | 04/7/14 1:30PM RM 518/519 | 3 |
| | 02/25/2014 | **Notice of Hearing** | 04/07/14 @ 1:30 PM RM 519 | 3 |
| | 02/03/2014 | **Notice of Cancellation** | OF HRG 02/04/14 @ 8:45 AM | 3 |
| | 12/26/2013 | **Notice of Hearing** | 02/04/14 8:45AM | 3 |
| | 12/24/2013 | **Notice of Hearing** | 2/4/14 AT 8:45AM 5TH FLOOR | 3 |
| | 12/18/2013 | **Notice of Appearance** | as atty for Juan M Gomez/Ralph Kenol esq | 1 |
| | 11/22/2013 | **Re-open Fee** | Payor: BARRY FISHMAN ; Userid: CTS-fg/t ; Receipt: 20131FA1A094285; ;  Amount:  $50.00 | |
| | 11/21/2013 | **Motion to Reschedule Foreclosure Sale** | Party: *Plaintiff* Washington Mutual Bank | 2 |
| | 07/10/2013 | **Exhibit List** | | 1 |
| | 07/05/2013 | **Evidence Located in Warehouse** | CIVIL BOX 400 | |
| | 07/03/2013 | **Order** | DENYING DEFENDANT'S EMERGENCY MOTION TO QUASH SERVICE, VACATE FINAL JUDGMENT AND CANCEL FORECLOSURE SALE | 1 |
| | 06/19/2013 | **Affidavit of Service** | Subp DT Returned Srvd | 5 |
| | 06/18/2013 | **Notice of Filing** | AFFIDAVIT OF PROCESS SERVER | 11 |
| | 06/17/2013 | **Notice of Filing Affidavit** | OF DAN ACKERMAN IN SUPPORT OF DEFENDANTS' MOTION TO QUASH SERVIC,VACATE FINAL JUDGMENT AND CANCEL FORECLOSURE SALE  Party: *Defendant* Gomez, Juan M | 4 |
| | 06/17/2013 | **Response to Motion** | EMERGENCY MOTION TO QUASH SERVICE, VACATE FINAL JUDGMENT AND CANCEL FORECLOSURE SALE  Party: *Plaintiff* Washington Mutual Bank | 174 |
| | 06/11/2013 | **Notice of Taking Deposition Duces Tecum** | of BEN JAVID | 2 |
| | 06/06/2013 | **Notice of Hearing** | 06-19-13 2:30 5th floor | 3 |
| | 05/14/2013 | Foreclosure Sale | *CANCELED  Per Order*  Hearing Time: 10:00 AM  Not Applicable, , , Location: On-line @  www.broward.realforeclose.com | |
| | 05/03/2013 | **Order** | on df's emergency mot to quash serv, vacate final jgmt and cancel foreclosure sale, and the case mgmt conf. | 1 |

| | Date | Type | Description | |
|---|---|---|---|---|
| ⬚ | 05/03/2013 | Notice of Hearing | June 19, 2013 at 2:30 rm 518 | 2 |
| ⬚ | 05/02/2013 | Notice of Appearance | As Co-Counsel / The law firm of Wargo French, LLP / Designation of Email Addresses<br>Party: *Plaintiff* Washington Mutual Bank | 2 |
| ⬚ | 05/01/2013 | Proof of Publication | | 1 |
| ⬚ | 04/25/2013 | Order | on df's emerg mot to quash svc, vacate fnl jdgmt & cancel fclsre sale/deferred. case mgmt conf is set for 5-3-13 @ 9:30am | 1 |
| | 04/16/2013 | Foreclosure Sale | *CANCELED  Per Order*<br>Hearing Time: 10:00 AM<br>Not Applicable, , , Location: On-line @ www.broward.realforeclose.com | |
| | 03/12/2013 | Notice of Hearing | 4/25/13 8:45 rm 518 | |
| | 03/04/2013 | Amended Notice of Sale | | |
| | 03/04/2013 | Copies Mailed to all Parties;<br>ORD/NSDB | | |
| | 02/13/2013 | Notice | of change of atty of rec within firm #766046<br>Party: *Plaintiff* Washington Mutual Bank | |
| | 02/12/2013 | Foreclosure Sale Fee | Payor: Celeste Vilonna ; Userid: CTS- ; Receipt: 20131RA1A002563; ;<br>Amount:  $70.00 | |
| | 02/12/2013 | Notice of Sale | | |
| | 02/12/2013 | Copies Mailed to all Parties;<br>ORD/NSDB | | |
| | 02/12/2013 | Order Rescheduling Foreclosure Sale | Duplicate | |
| | 02/12/2013 | Foreclosure Sale | *CANCELED  Per Order*<br>Hearing Time: 10:00 AM<br>Not Applicable, , , Location: On-line @ www.broward.realforeclose.com | |
| | 02/11/2013 | Proof of Publication | SHAPIRO, FISHMAN AND GACHE, LLP | |
| ⬚ | 02/11/2013 | Order | on Plaintiffs motion to cancel foreclosure sale.<br>GRANTED | 2 |
| | 02/11/2013 | Order | on df's emergency mot to quash service, vacate final jgmt & cancel foreclosure sale; emergency mot shall be reset for argument at a later date; foreclosure sale scheduled for tuesday, 2/12/13 is hereby cancelled to be reset in 90days, to wit: 5/14/13 | |
| | 02/11/2013 | Notice of Hearing | on 02/11/2013 at 1:30PM, 5th fl | |
| | 02/08/2013 | Notice of Hearing | (Emergency Add-on) 2/11/2013 @ 1:30 PM in room 518 | |
| ⬚ | 02/06/2013 | Motion to Quash | service vacate FJ and cancel flcl sale (exhibits attached)<br>Party: *Defendant* Gomez, Juan M | 17 |
| | 02/04/2013 | Re-open Fee | Payor: SHAPIRO, FISHMAN GACHE LLP ; Userid: CTS-ahardy ; Receipt: 20131YE14000912; Comments: MOT TO CAN FCSLRE SALE ;<br>Amount:  $50.00 | |
| ⬚ | 02/01/2013 | Motion to Cancel Foreclosure Sale | Party: *Plaintiff* Washington Mutual Bank | 2 |
| ⬚ | 01/18/2013 | Amended Motion | for replevin and affidavit<br>Party: *Defendant* Gomez, Juan M | 5 |
| | 01/18/2013 | Comment: | copy of motion for replevin and affidavit / unissued writ of repelvin / unsigned order for writ of replevin w/envelopes psu to judges office | |
| | 12/31/2012 | Letter From | arrow financial services llc withdrew to do business in the state of fl on 10/11/2012/when an entity withdraws the designation of the registered agent is revoked and service can no longer be taken on behalf of this entity/ C T CORPORATION | |
| ⬚ | 12/26/2012 | Motion | for replevin & affidavit<br>Party: *Defendant* Gomez, Juan M | 32 |
| | 12/26/2012 | Notice of Production From Non-Party | to: Washington Mutual Bank NA | |

Case Detail

Party: *Defendant* Gomez, Juan M

| | | | | |
|---|---|---|---|---|
| | 12/26/2012 | **Re-open Fee** | Payor: JUAN GOMEZ ; Userid: CTS-nlopes ; Receipt: 20121YE1C008205; Comments: VISA ; Amount: $50.00 | |
| | 12/26/2012 | **Comment:** | copy of motion and unsigned order for writ of replevin sent to judge | |
| | 12/19/2012 | **Notice of Sale** | | |
| | 12/19/2012 | **Copies Mailed to all Parties; ORD/NSDB** | | |
| 🗐 | 12/18/2012 | **Order** | ON PLTF'S MOT TO RESCHEDULE FRCLSRE SALE(GRANTED) | 2 |
| | 12/18/2012 | **Letter From** | CT Corp Re: They are not the R/A for Arrow Financial Services LLC | |
| | 12/05/2012 | **Notice of Hearing** | 12/18/12 1:30 | |
| | 10/08/2012 | **Re-open Fee** | Payor: SHAPIRO, FISHMAN GACHE LLP ; Userid: CTS-ahardy ; Receipt: 20121YE1X003368; Comments: MOT TO RESCH FCSLRE SALE ; Amount: $50.00 | |
| 🗐 | 10/04/2012 | **Motion to Reschedule Foreclosure Sale** | Party: *Plaintiff* Washington Mutual Bank | 5 |
| 🗐 | 08/01/2012 | **Notice of Filing** | bankruptcy order dismissing case for failure to make pre-confirmation plan payments attach Party: *Plaintiff* Washington Mutual Bank | 4 |
| | 04/27/2012 | **Suggestion of Bankruptcy** | 12-19803-RBR Party: *Defendant* Gomez, Juan M | |
| 🗐 | 04/25/2012 | **Suggestion of Bankruptcy** | JUAN GOMEZ 12-19803 | 1 |
| 🗐 | 04/24/2012 | **Suggestion of Bankruptcy** | case# 12-19803 rbr Party: *Defendant* Gomez, Juan M | 2 |
| 04/24/2012 | | **Foreclosure Sale** | *CANCELED  Suggestion of Bankruptcy* Hearing Time: 10:00 AM Not Applicable, , , Location: On-line @ www.broward.realforeclose.com | |
| | 04/23/2012 | **Foreclosure Sale Fee** | Payor: TEFFT, JILLIAN L ; Userid: CTS-dfarcasiu ; Receipt: 20121YE1L002906; ; Amount: $70.00 | |
| 🗐 | 04/20/2012 | **Motion** | for emergency hearing to postpone sale date Party: *Defendant* Gomez, Juan M | 1 |
| | 04/20/2012 | **Re-open Fee** | Payor: JUAN M. GOMEZ ; Userid: CTS-dfarcasiu ; Receipt: 20121YE1L002890; ; Amount: $50.00 | |
| 🗐 | 04/12/2012 | **Order** | UPON DEFT'S MOTION TO SET ASIDE ORDER DATED MARCH 13, 2011, DENYING DEFT'S MOTION TO SET ASIDE SUMMARY JUDGMENT AND SALE DATE / DENIED. | 1 |
| | 04/04/2012 | **Notice of Hearing** | 04/12/12 @ 3:45pm rm 518 | |
| 03/29/2012 | | **Foreclosure Sale** | *CANCELED  Per Order* Hearing Time: 10:00 AM Not Applicable, , , Location: On-line @ www.broward.realforeclose.com | |
| | 03/26/2012 | **Foreclosure Sale Fee** | Payor: TEFFT, JILLIAN L ; Userid: CTS-dfarcasiu ; Receipt: 20121YE1L002155; ; Amount: $70.00 | |
| 🗐 | 03/26/2012 | **Proof of Publication** | SHAPIRO, FISHMAN & GACHE, LLP | 2 |
| 🗐 | 03/20/2012 | **Order** | UPON DEFT'S MOT TO SET ASIDE ORD DATED 3/3/11 & DEFT'S MOT TO SET ASIDE SUMMARY JUDGMENT & SALE DATE(DEFERRED) SALE IS SUA SPONTE CANCELLED & RESET TO 4/24/12 | 1 |
| | 03/20/2012 | **No Notice of Sale** | | |
| | 03/14/2012 | **Notice of Hearing** | 03/20/12 @ 1:30pm rm 518 | |
| | 03/01/2012 | **Notice of Sale** | | |
| | 03/01/2012 | **Copies Mailed to all Parties;** | | |

| | Date | Type | Description | # |
|---|---|---|---|---|
| | | ORD/NSDB | | |
| 📄 | 02/29/2012 | Proof of Publication | SHAPIRO, FISHMAN & GACHE, LLP | 1 |
| | 02/28/2012 | Foreclosure Sale | *CANCELED Per Order* Hearing Time: 10:00 AM Not Applicable, , , Location: On-line @ www.broward.realforeclose.com | |
| 📄 | 02/27/2012 | Motion | to set aside order dated March 3, 2011 denying defendant's otion to set aside summary judgement and sale date | 3 |
| 📄 | 02/27/2012 | Affidavit | of Juan M Gomez of motion to set aside order, datd March 3, 2011, and in support of motion to set aside summary judgement and sale date | 4 |
| | 02/27/2012 | Notice of Appearance | | |
| | 02/27/2012 | Re-open Fee | Payor: ANDRES HECTOR LOPEZ ; Userid: CTS-ygaspard ; Receipt: 20121YE1B000852; Comments: VISA ; Amount:  $50.00 | |
| 📄 | 02/27/2012 | Order | ON MOT TO CANCEL SALE(GRANTED) SALE IS RESET TO 3/29/12 | 1 |
| 📄 | 02/23/2012 | Motion | to vacate default judgmetn & dismiss foreclosure due to fraud upon court & lack of standing Party: *Defendant* Gomez, Juan M | 4 |
| | 02/23/2012 | Re-open Fee | Payor: BURGOS RAFAEL ; Userid: CTS-jbrown ; Receipt: 20121YE1A001302; Comments: VISA ; Amount:  $50.00 | |
| | 02/23/2012 | Notice of Hearing | /add-on/per Ja/Date:02/27/12/Time:8:45am/Room:518 | |
| 📄 | 02/23/2012 | Order Denying Motion | By Deft to Vacate Final Judgment & Dismiss Foreclosure Due to Fraud | 1 |
| | 02/20/2012 | Notice of Hearing | 02/23/12 @8:45am 5th floor | |
| 📄 | 02/16/2012 | Motion | /ex parte motion for an order shortening time Party: *Defendant* Gomez, Juan M | 5 |
| | 02/16/2012 | Re-open Fee | Payor: BURGOS RAFAEL ; Userid: CTS-jbrown ; Receipt: 20121YE1A001129; Comments: VISA/DEFT ; Amount:  $50.00 | |
| 📄 | 02/15/2012 | Motion | pltf motion to order a permanent injunction barring sale / filed by Rafael Burgos | 4 |
| 📄 | 02/15/2012 | Motion | pltf motion to order a counter claim / filed by Rafael Burgos | 4 |
| | 02/15/2012 | Re-open Fee | Payor: RAFAEL BURGOS ; Userid: CTS-tparkerray ; Receipt: 20121YE1H000489; Comments: CASH ; Amount:  $50.00 | |
| | 02/14/2012 | Re-open Fee | Payor: RAFAEL M GOMEZ ; Userid: CTS-mhermitt ; Receipt: 20121YE1L000982; ; Amount:  $50.00 | |
| 📄 | 02/14/2012 | Motion | TO ORDER A TEMPORARY RESTRAINING ORDER STOPPING &/OR PREVENTING THE FORECLOSURE SALE SET FOR 02/28/12 Party: *Defendant* Gomez, Juan M | 5 |
| 📄 | 02/14/2012 | Motion to Compel | PLTF'S ATTORNEYS TO SUBMIT AN AFFIDAVIT TO THIS COURT STATING WHETHER OR NOT THEY ARE REPRESENTING THE HOLDER IN DUE COURSE AND THE CREDITOR IN THIS MATTER Party: *Defendant* Gomez, Juan M | 6 |
| | 02/14/2012 | Volume Created | #3 | |
| | 01/31/2012 | Notice of Hearing | 02/09/12 8:45am Rm 518-519 | |
| | 01/27/2012 | Motion to Vacate Final Judgment | and dismiss foreclosure due to fraud upon the court and lack of standing Party: *Defendant* Gomez, Juan M | |
| | 01/27/2012 | Re-open Fee | Payor: JUAN GOMEZ ; Userid: CTS-mhermitt ; Receipt: 20121YE1L000639; ; | |

| | Date | Type | Description | |
|---|---|---|---|---|
| | | | Amount: $50.00 | |
| | 01/20/2012 | Notice of Sale | | |
| | 01/20/2012 | Copies Mailed to all Parties; ORD/NSDB | | |
| 📄 | 01/19/2012 | Order Rescheduling Foreclosure Sale | /GRANTED. THE SALE IS RESET FOR 02/28/12. | 2 |
| | 12/22/2011 | Notice of Hearing | (cross) 01/19/2012 at 8:45am on 5th fl | |
| | 12/22/2011 | Notice | of change of atty of record within firm counsel for Party: *Plaintiff* Washington Mutual Bank | |
| 📄 | 12/07/2011 | Motion to Dismiss | to dismiss for fraud and vacate final judgment Party: *Defendant* Gomez, Juan M | 4 |
| | 12/07/2011 | Re-open Fee | Payor: TEFFT, JILLIAN L ; Userid: CTS-rfischer ; Receipt: 20111YE1C005457; ; Amount: $50.00 | |
| | 12/07/2011 | Notice of Hearing | 01/19/2012 at 8:45am in rm 578 | |
| | 11/28/2011 | Re-open Fee | Payor: SHAPIRO FISHMAN ; Userid: CTS-abanks ; Receipt: 20111YE13002229; Comments: MOT TO RESET SALE ; Amount: $50.00 | |
| 📄 | 11/18/2011 | Motion to Reschedule Foreclosure Sale | Party: *Plaintiff* Washington Mutual Bank | 5 |
| | 05/27/2011 | Notice | of change of firm name and change of atty of record within firm/pltf | |
| 📄 | 03/03/2011 | Order | Upon defendant's motion to set aside summary judgment and sale date DENIED | 2 |
| | 01/26/2011 | Notice of Hearing | 3/3/11 8:45 | |
| | 10/06/2010 | Re-open Fee | Payor: Tefft, Jillian L ; Userid: CTS-apollard ; Receipt: 20101YE1W015070; ; Amount: $50.00 | |
| | 10/06/2010 | Foreclosure Sale | *CANCELED  Per Order* Hearing Time: 10:00 AM Not Applicable, , , Location: On-line @ www.broward.realforeclose.com | |
| 📄 | 10/05/2010 | Emergency Motion | to stop foeclosure sale/rafael burgos | 2 |
| | 10/05/2010 | Comment: | notice of hrg sent to judge | |
| | 10/05/2010 | Re-open Fee | Payor: Rafael Burgos ; Userid: CTS-lbynes ; Receipt: 20101YE1F008385; Comments: CREDIT CARD ; Amount: $50.00 | |
| 📄 | 10/05/2010 | Emergency Motion | to cancel sale Party: *Attorney* Tefft, Jillian L | 1 |
| 📄 | 10/05/2010 | Order Cancelling Foreclosure Sale | | 2 |
| | 10/05/2010 | Re-open Fee | * * * V O I D * * * CTS: lbynes - ; Receipt: 20101YE1F008388; ; Amount: $(50.00) | |
| | 10/01/2010 | Foreclosure Sale Fee | Payor: Tefft, Jillian L ; Userid: CTS-bdavis ; Receipt: 20101YE1L005532; ; Amount: $70.00 | |
| 📄 | 10/01/2010 | Proof of Publication | SHAPRIO & FISHMAN | 1 |
| | 08/13/2010 | Re-open Fee | Payor: Tefft, Jillian L ; Userid: CTS-jgore ; Receipt: 20101YE1W014011; Comments: CK #429599 ; Amount: $50.00 | |
| 📄 | 08/11/2010 | Notice of Filing | ORDER DISMISSING CASE FOR CHAPTER 13 BANKRUPTCY CASE #10-26744-JKO ENTERED JULY19, 2010 IN THE SOUTHERN DISTRICT OF FLORIDA | 4 |
| 📄 | 08/11/2010 | Motion to Reschedule Foreclosure Sale | | 2 |
| 📄 | 08/11/2010 | Order Rescheduling Foreclosure Sale | | 2 |
| | 08/11/2010 | Copies Mailed to all Parties; ORD/NSDB | | |
| | 08/11/2010 | Notice of Sale | | |
| | 06/15/2010 | Suggestion of Bankruptcy | sba#10-26744-JKO. Party: *Defendant* Gomez, Juan M | |
| 📄 | 06/15/2010 | Suggestion of Bankruptcy | case # 10-26744-jko | 1 |

| | | | | |
|---|---|---|---|---|
| | | | Party: *Defendant* Gomez, Juan M | |
| | 06/15/2010 | **Foreclosure Sale** | *CANCELED* Suggestion of Bankruptcy<br>Hearing Time: 10:00 AM<br>Not Applicable, , , Location: On-line @<br>www.broward.realforeclose.com | |
| | 06/11/2010 | **Proof of Publication** | SHAPIRO & FISHMAN | |
| | 06/11/2010 | **Foreclosure Sale Fee** | Payor: Tefft, Jillian L ; Userid: CTS-smontgomery ;<br>Receipt: 20101YE1W011819; ;<br>Amount: $70.00 | |
| 📄 | 05/04/2010 | **Consent to Extend Foreclosure Sale** | | 1 |
| | 05/04/2010 | **Re-Notice of Sale** | Party: *Plaintiff* Washington Mutual Bank | |
| | 05/04/2010 | **Copies Mailed to all Parties;<br>ORD/NSDB** | | |
| 📄 | 03/18/2010 | **Motion to Reschedule Foreclosure Sale** | Party: *Plaintiff* Washington Mutual Bank | 2 |
| 📄 | 03/18/2010 | **Order Rescheduling Foreclosure Sale** | | 3 |
| | 10/29/2009 | **Foreclosure Sale** | Hearing Time: 11:00 AM<br>Not Applicable, , , Location: On-line @<br>www.broward.realforeclose.com | |
| | 10/08/2009 | **Foreclosure Sale** | *CANCELED* Cancelled<br>Hearing Time: 11:00 AM<br>Not Applicable, , , Location: On-line @<br>www.broward.realforeclose.com | |
| | 08/24/2009 | **Re-open Fee** | Payor: Tefft, Jillian L ; Userid: CTS-lmaynor ; Receipt:<br>20091YE1U003901; Comments: MOT TO RESET<br>FRCLSRE SALE ;<br>Amount: $50.00 | |
| | 08/23/2009 | **Notice of Sale** | | |
| 📄 | 08/23/2009 | **Consent to Extend Foreclosure Sale** | | 1 |
| | 08/23/2009 | **Copies Mailed to all Parties;<br>ORD/NSDB** | | |
| | 08/14/2009 | **Sale Cancelled** | Sale Cancelled Atty Fax (9sm) | |
| | 08/13/2009 | **Notice of Sale** | Notice Of Sale * 10/08/09 11:00 (9sm) | |
| | 08/13/2009 | **Foreclosure - Converted Sale Data** | | |
| 📄 | 08/04/2009 | **Motion to Reschedule Foreclosure Sale** | | 2 |
| 📄 | 08/04/2009 | **Order Rescheduling Foreclosure Sale** | | 3 |
| | 07/08/2009 | **Sale Cancelled** | Sale Cancelled Per Rep (9df) | |
| 📄 | 07/08/2009 | **Order** | Order On Defendant'S Emgcy Mot To Stay Foreclosure<br>Sale / Granted For 60 Days That The Foreclosure Sale<br>Of The Subject Property In This Matter Shall Take Place<br>On 10/02/09 (9sm) | 2 |
| 📄 | 04/29/2009 | **Motion to Reschedule Foreclosure Sale** | Motion To Reschedule Foreclosure Sale/pltf (9sl) | 4 |
| | 04/29/2009 | **Reopen Case Fee Paid $50.00** | Reopen Case Fee Paid $50.00 Ck# 351865 Mot To<br>Reset Frclsre Sale (9sl) | |
| | 04/29/2009 | **Notice of Sale** | Notice Of Sale * 07/08/09 11:00 (9sl) | |
| | 04/29/2009 | **Consent/Request to Extend Sale Date** | Consent/request To Extend Sale Date * (9sl) | |
| | 04/29/2009 | **Copies Mailed to all Parties;<br>ORD/NSDB** | Copies Mailed To All Parties: Ord/nsdb * (9sl) | |
| 📄 | 04/15/2009 | **Ord Setting/Resetting Foreclosure<br>Sale** | Order Rescheduling Foreclosure Sale * (9sl) | 2 |
| 📄 | 03/26/2009 | **Notice of Filing** | Notice Of Filing Order Dismissing Case For Chapter 13<br>Bankruptcy Case 09-12356-Rbr Entered On 3/6/09 In<br>The Southern District Of Florida (Ft Laud)/pltf/attchd<br>(Lxl) | 4 |
| 📄 | 03/16/2009 | **Order** | Order On Motion To Withdraw/granted/20 Days To<br>Retain New Counsel (Lxl) | 1 |
| 📄 | 02/25/2009 | **Motion** | Motion For Leave To Withdraw/df Joshua Bleil Esq And<br>Ticktin Law Group Pa (Pzs) | 2 |
| | 02/25/2009 | **Reopened Case** | Reopened Case (Pzs) | |
| | 02/25/2009 | **Notice of Hearing** | 03/12/09 At 08:45 Rm 840-Notice Of Hearing (Jet) | |

| | | | | |
|---|---|---|---|---|
| | 02/11/2009 | **Sale Cancelled** | Sale Cancelled Sba (Lrp) | |
| | 02/11/2009 | **Suggestion of Bankruptcy** | | |
| 📄 | 02/05/2009 | **Motion to Set Aside Judgment** | Motion To Set Aside Final Judgment And Sale Date/ Defendant (Dnw) | 17 |
| | 02/05/2009 | **Reopened Case** | Reopened Case (Dnw) | |
| | 02/05/2009 | **Reopen Case Fee Paid $50.00** | Reopen Case Fee Paid $50.00 (Dnw) | |
| | 02/05/2009 | **Notice of Hearing** | 02/12/09 At 08:45 Rm 840b-Notice Of Hearing (Dnw) | |
| | 02/05/2009 | **Volume Created** | #2 | |
| | 01/05/2009 | **Notice of Sale** | Notice Of Sale * 02/12/09 11:00 (Bxd) | |
| 📄 | 01/05/2009 | **Plaintiff's Exhibits (In File)** | Plaintiff'S Exhibits To Judgment/original Note, Original Mortgage (9df) | 29 |
| 📄 | 01/05/2009 | **Consent/Request to Extend Sale Date** | Consent/request To Extend Sale Date /attorney For The Plaintiff (9df) | 1 |
| | 01/05/2009 | **Final Judgment of Foreclosure** | | |
| | 12/10/2008 | **Re-Notice of Hearing 8:45** | Re-Notice Of Hrg 8:45 01/05/09 Rm 840 (Ssb) | |
| 📄 | 12/10/2008 | **Affidavit in Support** | Affidavit In Support Of Motion For Final Summary Judgment/wendy McEven (Ssb) | 4 |
| 📄 | 12/10/2008 | **Affidavit of Costs** | Aff Of Costs/jennifer Kopf Esq (Ssb) | 2 |
| | 10/14/2008 | **Notice of Cancellation** | Notice Of Cancellation Of Hearing 10/13/08 8:45 (Lxl) | |
| | 09/16/2008 | **Notice of Hearing** | 10/13/08 At 08:45 Rm 00840-Notice Of Hearing (Thg) | |
| | 09/16/2008 | **Motion for Summary Judgment** | Motion For Summary Judgment/unattchd/pl (Thg) | |
| 📄 | 09/16/2008 | **Affidavit of Costs** | Aff Of Costs/pltf (Lxl) | 2 |
| 📄 | 09/16/2008 | **Affidavit** | Affidavit Of Pltf'S Counsel/pltf (Lxl) | 2 |
| 📄 | 09/02/2008 | **Motion for Default & Default** | Mo For Default & Default Against Juan M Gomez Aka Juan Gomez: Ford Motor Credit Company: Arrow Financial Services Llc Assignee Of Ge Money Bank: Bitach Fund I Llc: Unknown Parties In Possession # 1 Nka Ben Jarrett: Unknown Parties In Possession # 2 (Lxl) | 2 |
| | 09/02/2008 | **Non-Military Affidavit** | Non-Military Affidavit Regarding Unknown Parties In Possession # 1 Nka Ben Jarrett (Lxl) | |
| | 09/02/2008 | **Non-Military Affidavit** | Non-Military Affidavit Regarding Juan M Gomez Aka Juan Gomez (Lxl) | |
| | 09/02/2008 | **Non-Military Affidavit** | Non-Military Affidavit Regarding Unknown Parties In Possession # 1 Nka Andres Doe (Lxl) | |
| | 08/20/2008 | **Summons Returned Served** | Sums Retd Srvd 08/11/08 Juan M Gomez Aka Juan Gomez (Ard) | |
| | 08/20/2008 | **Summons Returned Served** | Sums Retd Srvd 08/05/08 Ford Motor Credit Co (Ard) | |
| | 08/20/2008 | **Summons Returned Served** | Sums Retd Srvd 07/31/08 Arrow Financial Servs Llc Assignee Of Ge Money Bank (Ard) | |
| | 08/20/2008 | **Summons Returned Served** | Sums Retd Srvd 08/01/08 Bitach Fund I Llc (Ard) | |
| | 08/20/2008 | **Summons Returned Served** | Sums Retd Srvd 08/11/08 Unknown Parties In Poss #2 Nka Andres (Ard) | |
| | 08/20/2008 | **Summons Returned Served** | Sums Retd Srvd 08/11/08 Unknown Parties In Poss #1 Nka Ben Jarrett (Ard) | |
| | 07/29/2008 | **Filing Fee** | Filing Fee Paid (Dnw) | |
| 📄 | 07/29/2008 | **Petition** | Petition: Fld (Kjw) | 34 |
| | 07/29/2008 | **Civil Cover Sheet** | Civil Cover Sheet (Dnw) | |
| 📄 | 07/29/2008 | **Lis Pendens** | Lis Pendens: Fld & Rec (Dnw) | 3 |
| | 07/29/2008 | **Summons Issued** | Summons Issued-Fee Required/6 (Dnw) | |
| | 07/29/2008 | **Clock In Date of Case** | 07/29/08 Is Clock-In Date Of Case (Dnw) | |
| | 07/29/2008 | **Random Assignment** | Random Assignment Subd:14 (Kjw) | |

[ Perform Another Search ]   [ Back ]

## IN THE CIRCUIT COURT OF SEVENTEENTH JUDICIAL
## CIRCUIT IN AND   FOR BROWARD COUNTY, FLORIDA

CASE NO.: CACE08034579

0:17-cv-60879-JEM

JP MORGAN CHASE BANK NATIONAL (11)

ASSOCIATION, AS SUCCESSOR TO WASHINGTON

MUTUAL BANK

Plaintiff,

vs.

JUAN M. GOMEZ AND RAFAEL BURGOS-VASQUEZ

Trustee of the Remic trust

Defendants.

## NOTICE OF FILING NOTICE OF REMOVAL TO FEDERAL COURT

PLEASE TAKE NOTICE THAT, on October 10, 2016 Defendant(s) filed a Notice of

Removal, pursuant to 28 U.S.C. 1332, 1441 and 1446, removing the above-captioned action

from **IN THE CIRCUIT COURT OF SEVENTEENTH JUDICIAL CIRCUIT IN AND FOR**

**BROWARD COUNTY, FLORIDA**, to the United States District court for the Southern

District of Florida.

PLEASE TAKE FURTHUR NOTICE that, upon the filing of the notice of Removal

with the Clerk of the United States District Court for the Southern District of Florida, and

filing copies thereof with **THE CIRCUIT COURT OF SEVENTEENTH JUDICIAL**

**CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA**, the Defendant(s) has effected

removal and the Circuit Court shall proceed not further in this action unless and until the case

is remanded pursuant to 28 U.S.C. 1446(d). There shall be no other notices, hearings or

motions in the instant case until this action is properly heard by the United States Federal

Court or remanded to the state court for further proceedings.

## STATE COURT OUSTED OF JURISDICTION

The Defendant(s) is required to file a copy of the notice of removal with the clerk of the state court "which shall effect the removal and the state court shall proceed no further unless and until the case is remanded." 28 U.S.C. S 1447(d). No order by the federal court is necessary to complete removal. A copy of this Notice of Removal is attached as EXHIBIT A. Respectfully submitted,

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Notice of Removal has been furnished by US Mail to: Howard C. Forman, Clerk of courts; the Clerk of Courts for the US District Court, Southern District; and The Law Offices of Shapiro, Fishman & Gache, LLP, 2424 N. Federal Highway, Suite 360 Boca Raton, Florida 33431, Fax: (561) 998-6707, Phone: (561) 998-6700, on this 5 day of MAY, 2017.

Declarant

* * * * * * * * * * * * * * * * * * *

The Law Offices of Shapiro, Fishman & Gache LLP

2424 N. Federal Highway Suite 360

Boca Raton, FL 33431S

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

JP MORGAN CHASE BANK NATIONAL
ASSOCIATION, AS SUCCESSOR TO
WASHINGTON MUTUAL BANK,

      Plaintiff,

            vs

JUAN M. GOMEZ and RAFAEL BURGOS-
VAZQUEZ

      Defendants.



_____/

## NOTICE OF REMOVAL

### JURISDICTION

## FEDERAL QUESTION DEBT COLLECTION JURISDICTION GROUNDS FOR REMOVAL

JUAN M. GOMEZ AND RAFAEL BURGOS-VAZQUEZ, Trustee for the REMIC Trust,
Submits the within Amended Notice of Removal in compliance to the Honorable Court's Order
Requiring Amended Notice of Removal.

Federal question jurisdiction exists.  The claim is not cognizable under state law as pleaded.

1.     Plaintiff could have brought it in federal court originally, as a civil action arising under the laws
of the United States. *28 U.S.C. § 1331.*

2.     The Eleventh Circuit Court of Appeals ruled that foreclosure is debt collection under the Fair
Debt Collection Practices Act, and removal jurisdiction of state foreclosure claims exists.

3.     Before the creditor sends a delinquent account to a collection agency, the creditor can send a
dunning notice to a consumer. However, when a lawyer attempts to send a similar communication,
according to recent case law, it can be considered an attempt to debt collection under the Fair Debt

Collection Practices Act. See *Reese v. Ellis*, 2012 U.S. App. LEXIS 8839 (11th Cir. Ga. May 1, 2012).

4.      Reese defaulted on a loan obtained from Provident Funding Associates, L.P. after giving the lender their mortgage, the lender's law firm sent a letter looking for the missed payment and threatening to foreclose on the Reeses' home if the sum was not attained, the written opinion of the court explained.

5.      The Reeses claimed this was an attempt at a collection and violated the Fair Debt Collection Practices Act, though a district court disagreed.

6.      A panel of judges in the Eleventh Circuit court of appeals reversed the district court's ruling. The written opinion of the court cited the fact that the letter sent to the Reeses featured the disclaimer reading "This law firm may be attempting to collect a debt on behalf of the above-referenced lender."

7.      The court said the Reeses were correct in asserting there were misleading representations in violation of Section 807 of the FDCPA. According to the opinion, the couple owed a debt to the company, so asking for repayment essentially made the lawyers debt collectors under the FDCPA.

8.      Lawyers may want to cite this case and take care in the future to abide by the FDCPA when contacting any individual who has the possibility of owing a debt to the attorney's client.

9.      Ignoring the carefully chosen language and policies of the FDCPA, which Congress spent a great deal of time and effort drafting and enacting would frustrate Congressional will and authority. *Heintz v. Jenkins*, 115 S.Ct. 1489(1995); *Frey v. Gangwish*, 970 F.2d 1516 (6th Cir. 1992). (The FDCPA is "an extraordinarily broad statute" and must be enforced "as Congress has written it."). *Hamilton v. United Healthcare of Louisiana, Inc.*, 310 F.3d 385 (5th Cir. 2002). ("Fifth Circuit law is clear that when, as here, the language of a statute is unambiguous, this Court has no need to and will not defer to extrinsic aids or legislative history.").

10.      Lawyers who regularly conduct foreclosures to collect consumer debt are "debt collectors" for purposes of the FDCPA. *Wilson v. Draper &Goldberg, P.L.L.C.*, 443 F.3d 373 (4th Cir. 2006); *Kaltenbach v. Richards*, 464 F. 3d 524 (5th Cir. 2006).

11.    The Court analyzed this issue for purposes of federal removal.

12.    Plaintiff is clearly a debt collector within the meaning federal debt collection statute.

13.    Accepting as true the allegations of the Complaint, Plaintiff alleges it obtained the debt by Assignment of Mortgage, *after* default.

14.    Exceptions from the term "debt collector" do not include any person attempting to collect "*any debt owed or due or asserted to be owed or due another to the extent such activity . . . concerns a debt which was **not in default** at the time it was obtained by such person.*" *15 U.S.C. § 1692a(6)(F)(iii).*

15.    Plaintiff is a debt collector and one without a specific alleged right to collect the debt.

16.    To the extent that Plaintiff is entitled to repossess the property and collect a judgment, but they cannot misstate amounts owed for a short sale/medication from $5,000,000, then $7,000,000. Then $10,910,000.

17.    Plaintiff, a debt collector bringing any legal action on a debt against any consumer in the case of an action to enforce an interest in real property securing the consumer's obligation, bring such action only in a judicial district or similar legal entity in which such real property is located.   15 U.S.C. § 1692i.

18.    "*§ 1692a. Definitions…*

*(6) The term 'debt collector' means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or  due another. Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts.  For the purpose of section 1692f(6) of this title, such term also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests.*"

19.    Accepting as true the allegations of the Complaint, Plaintiff alleges it obtained the debt by Assignment of Mortgage by WASHINGTON MUTUAL BANK,. *Complaint* page 2, ¶ 6 and Exhibit "C."

20.    The FDCPA defines a "debt collector" by exception of the term "debt collector" does not include any person attempting to collect "*any debt owed or due or asserted to be owed or due another to the extent such activity . . . concerns a debt which was **not in default** at the time it was obtained by such person.*" *15 U.S.C. § 1692a(6)(F)(iii).*

21.    Plaintiff's identification of itself as subsequent assignee is a euphemism for third party debt collector under the FDCPA and one without a specific alleged right to collect the debt.

22.    The Florida Supreme Court decided *Georgia Cas. Co. v. O'Donnell* on March 24, *1933*, decades prior to securitized and collateralized debt obligations.  In 1933 a mortgage was a mortgage.

23.    In *Georgia Cas. Co. v. O'Donnell*, the Florida Supreme Court primary issue entertained was the question of "*whether the circuit court of Dade county, Florida had jurisdiction to entertain a suit for the foreclosure of a mortgage on lands lying wholly within Liberty county Florida.*"  147 So. 267.

24.    The trial court dismissed the bill of foreclosure against O'Donnell on the grounds of violation of the local action rule of the *quasi in rem* proceeding.

25.    The appellate and Supreme Courts affirmed stating the action could not be brought outside of the county where the land was situated.

26.    The justices in this case, at page 268, cited by the Honorable Court in the *Order Requiring Amended Notice of Removal*, page 1, ¶ 2, ruled that "*The method of foreclosure in this state is to have the mortgaged property sold under an order of the court and the proceeds applied in payment of the mortgage debt.*"

27.    In Florida in 1933, the foreclosing party was the actual lender and not a several times removed

third party debt collector.

28.    Presently, Plaintiff, a securitization trust, alleges no contract with JUAN M. GOMEZ AND RAFAEL BURGOS-VAZQUEZ.

29.    Plaintiff's allegations identify it as nothing more than a third party debt collector.

30.    Similar to the facts in the *Reese v. Ellis*, 2012 U.S. App. LEXIS 8839 (11th Cir. Ga. May 1, 2012).

31.    Plaintiff has no specific fact allegations of the chain of endorsement and delivery of the Note.

32.    Similar to the facts in the *Reese v. Ellis*, 2012 U.S. App. LEXIS 8839 (11th Cir. Ga. May 1, 2012), Plaintiff has an issue with the amounts alleged due under a modification and short sale agreement, whereby JP MORGAN CHASE BANK NATIONAL ASSOCIATION, AS SUCCESSOR TO WASHINGTON MUTUAL BANK have provided a payoff of $5,000,000, $7,000,000 then $10,910,00 over the last twelve (12) months, frustrating the Defendants' attempts to save their property and satisfy the judgment.

33.    Plaintiff's Complaint is not a well-pleaded foreclosure claim, but is a debt collection claim under the FDCPA:

-    Complaint based upon Exhibit "A," Note: Alleged lender and mortgagee is **WASHINGTON MUTUAL BANK**;

-    Complaint based upon Exhibit "B," Mortgage: Alleged lender and mortgagee is **WASHINGTON MUTUAL BANK**;

-    Complaint based upon Exhibit "C," the Assignment of Mortgage: Alleged assignee of the Note and Mortgage by **WASHINGTON MUTUAL BANK** names **JP MORGAN CHASE BANK NATIONAL ASSOCIATION, AS SUCCESSOR TO WASHINGTON MUTUAL BANK** as assignee.

34.    Inasmuch as Plaintiff is trustee for a securitization real estate mortgage investment trust, Plaintiff's debt collection activities are governed by the FDCPA **and** the contractual provisions of the

WASHINGTON MUTUAL BANK.

35.   Plaintiff's activities are not alleged to be those of a simple creditor foreclosing on a purchase money loan under *Georgia Cas. Co. v. O'Donnell*.

36.   The provisions of the Florida statutes for lender foreclosure cannot reach the activities of Plaintiff, a federally regulated entity required to demonstrate compliance with federal securities, tax and debt collection law, as well as its own federal securities contracts all of which are material in Plaintiff's attempt to collect a debt claim.

37.   Conversely, as shown, the state claim on its face is far from well-pleaded.

38.   There is also a conflict between the foreclosure statute cited by Plaintiff and the FDCPA.

39.   Under Florida law, a person may be a person entitled to enforce the instrument, that is collect the debt, even though the person is *not* the owner of the instrument or is *in wrongful possession of the instrument*.

40.   Further defects in alleging a single count of the state claim for foreclosure is the failure by Plaintiff to allege the delegated authority to institute a mortgage foreclosure action on behalf of the person entitled to enforce the note, as required under Florida foreclosure law.

41.   The Complaint has no description of Plaintiff's authority and fails to identify, with specificity, the **document** that grants the plaintiff the authority to act on behalf of the person entitled to enforce the note, as required under Florida foreclosure law.

42.   On these various grounds, the Complaint cannot be deemed to be a well-pleaded state claim for foreclosure, as required under the Florida foreclosure statute or for review on removal.  *F.S. 702.015*.

43.   Plaintiff's allegations identify it as nothing more than a third party debt collector.

44.   Plaintiff is neither lender to, nor in any contract with, JUAN M. GOMEZ AND RAFAEL BURGOS-VAZQUEZ.

45.   Federal-question jurisdiction is usually invoked by plaintiffs pleading a cause of action created

by federal law, but this Court has also long recognized that such jurisdiction will lie over some state-law claims that implicate significant federal issues, see, *e.g.*, *Smith v. Kansas City Title & Trust Co.*, 255 U.S. 180.

46.     Federal jurisdiction is warranted in this recognized federal issue of debt collection styled as a foreclosure.

47.     In the instance, where the debt collector is a federally regulated securitization trust, with a history of failed entities, mergers, transfers, missed cut-off transfer dates, insurance pay-outs, missing assignments, and no specific allegation of where the alleged debt instrument, the Note, is actually held, or by whom, the issue is a substantial one where Federal jurisdiction is properly exercised and warranted.

48.     The jurisdiction is to be consistent with congressional judgment about the sound division of labor between state and federal courts governing application of the statute.

49.     Plaintiff is not a creditor prosecuting a state foreclosure of its security interest in the alleged debt.

50.     As the securitization trustee, its Complaint only specifically alleges that it seeks to collect a debt, somehow.

51.     Plaintiff's federal debt collection is covered by a seeming state law claim.

52.     The foreclosure necessarily states a federal issue, actually disputed and substantial, which a federal forum may "*entertain without disturbing a congressionally approved balance of federal and state judicial responsibilities.*"

53.     This case warrants federal jurisdiction.

## VENUE

54.     Venue is proper in this Court pursuant to 28 USC 1441(a) and 1446(b) because the UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA, is the federal judicial

district or similar entity embracing THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT OF FLORIDA IN AND FOR BROWARD COUNTY GENERAL JURISDICTION DIVISION, where the State Court Action was originally filed.

## AMOUNT IN CONTROVERSY

55.    An action to enforce any liability created by the Consumer Protection Act, and amendment by the Fair Debt Collection Practices Act, may be brought in any appropriate United States district court without regard to the amount in controversy, within one year from the date on which the violation occurs.  The Complaint alleges damages of $10,918,000.00, an amount in excess of the jurisdictional limit of the Court.

## NOTICE

56.    The Plaintiff's State Court action may be properly removed to this Court.

57.    Written notice of this Amended Notice removal of this action will be promptly served to JP MORGAN CHASE BANK NATIONAL ASSOCIATION, AS SUCCESSOR TO WASHINGTON MUTUAL BANK.

WHEREFORE, Defendant hereby submits the Amended Notice of Removal of the above captioned action case in compliance with the Honorable Court's Order Requiring Amended Notice of Removal.

Dated: May 2, 2017

JUAN M. GOMEZ AND RAFAEL BURGOS-VAZQUEZ
*Pro Se*
1801 POLK St, Suite 221967
Hollywood, Florida 33024

JUAN M. GOMEZ

By: Authorized Signatory Authorized Signatory Authorized Signatory Authorized Signatory Authorized Signatory Authorized Signatory Authorized Signatory Authorized Signatory Authorized Signatory  MP All Rights Reserved