FILED by LMV D.C.

JUN 15 2017

STEVEN M. LARIMORE
CLERK U. S. DIST. CT.
S. D. of FLA. – MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO:0:17-CV-60879-JEM

JP MORGAN CHASE BANK NATIONAL
ASSOCIATION, AS SUCCESSOR TO
WASHINGTON MUTUAL BANK,

    Plaintiff,
          vs

JUAN M. GOMEZ and RAFAEL
BURGOS-VAZQUEZ

    Defendants.

_____/

## DEFENDANTS' MOTION IN OPPOSITION TO REMAND AND OPPOSING PLAINTIFF'S MOTION TO STRIKE

COMES NOW JUAN M. GOMEZ and RAFAEL BURGOS-VAZQUEZ (herein Defendants) and files this response to the Court's order for a statement regarding this Court's jurisdiction for removal. Defendants collectively file this motion in response to the Plaintiff's motion for remand. Respectfully, the defendants do as follows:

### BACKGROUND OF DIVERSITY JURISDICTION REMOVAL

1. The diversity jurisdiction in federal courts and, hence, diversity removal, is found in the U.S. Constitution, Art. III, §2: "The judicial Power shall extend . . . to Controversies . . . between Citizens of different States, . . . and between a State, or the Citizens thereof, and foreign States, Citizens or Subjects." Promulgated against a backdrop of marked interstate bickering and the recognition that a state's judiciary may inadvertently (or deliberately) favor its own citizens over

those of another state,[1] the framers provided federal courts concurrent jurisdiction along with their state court counterparts over civil actions between citizens of different states. At bottom, then, diversity removal was seen as a way to avoid the potential for hometown favoritism. Removal to federal court is a right, within the boundaries of federal jurisdiction.

2. There is federal jurisdiction in that JP MORGAN CHASE BANK NATIONAL ASSOCIATION, AS SUCCESSOR TO WASHINGTON MUTUAL BANK is a foreign entity to the state of Florida, therefore this controversy falls within federal jurisdiction. A cursory overview of diversity federal jurisdiction follows.

**REMOVAL IS PERFECTED UNDER 28 U.S.C. §§1441(a) AND 1332**

3. Subsection (a) of 28 U.S.C. §1441 provides that:

> [a]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

4. "Original jurisdiction," in turn, can arise in a number of contexts, including lawsuits between diverse parties. In that regard, 28 U.S.C. §1332(a) states:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—
>
> (1) citizens of different States;
>
> (2) citizens of a State and citizens or subjects of a foreign state;
>
> (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties;
>
> (4) a foreign state, defined in §1603(a) of this title, as plaintiff and citizens of a State or of different States.

5. The three jurisdictional prerequisites for diversity removal, then, are: a civil lawsuit, an

---

[1] *See generally*, Robert N. Clinton, *A Mandatory View of Federal Court Jurisdiction: A Guided Quest for the Original Understanding of Article III*, 132 U. Pa. L. Rev. 741, 816-818 (1984).

appropriate amount in controversy, and diversity of citizenship between the parties. There is the existence of a "civil action," JP MORGAN CHASE BANK NATIONAL ASSOCIATION, AS SUCCESSOR TO WASHINGTON MUTUAL BANK are citizens of another foreign state and there is a controversy of $75,000.00.

PLAINTIFF'S MOTION TO STRIKE SHOULD BE DENIED

6. Defendants alternatively seek to strike Paragraphs 8, 9, 18, 26, 30, and 32 of Plaintiffs complaint, asserting that these paragraphs fail to conform to the Federal Rules of Civil Procedure's pleading requirements. Defendants argue that these paragraphs contain "inappropriate citations to case law and alleged excerpts from a purported website which have no bearing on the instant lawsuit." Motion to Dismiss, DE 17, at 5.

7. Motions to strike are disfavored by federal courts. *Craig Funeral Home, Inc. v. State Farm Mutual Auto. Ins. Co.*, 254 F.2d 569, 572 (5th Cir.1958). "[T]he only grounds upon which averments of the complaint can be stricken are that such averments are `redundant, immaterial, impertinent, or scandalous.'" *Id.* (quoting Fed. R.Civ.P. 12(f)). "Matter will not be stricken from a pleading unless it is clear that it can have no possible bearing upon the subject matter of the litigation." *Id.* (Rives, J., concurring specially) (internal quotations omitted). Because the Plaintiff has failed to show that the defendants averments to be "redundant, immaterial, impertinent, or scandalous[,]" Plaintiff's motion to strike should be denied.

## CONTROVERSY REQUIREMENT

8. The Defendants JUAN GOMEZ and RAFAEL BURGOS-VAZQUEZ have proven that the amount in controversy exceeds the jurisdictional boundary of this court, by the

preponderance of the evidence, facts supporting the existence of jurisdiction.[2] The judgment owed in this controversy is over $10,900,000.00.

9. Federal courts generally provide broad light to amounts in controversy. A district court is not bound to the four corners of the complaint:

> "The mere fact that the plaintiff's complaint is silent as to some fact necessary to establish federal jurisdiction, such as the amount in controversy, does not preclude removal of the case by defendant."[3]

10. A district court may look to the notice of removal to make an independent evaluation of the monetary value of the claims asserted.[4] In calculating the amount in controversy, the courts have considered, among other factors, affidavit testimony, the plaintiff's initial demand letter, an offer of settlement, prayers for punitive damages and requests for attorneys' fees found in the complaint, and even a valuation assessment made by plaintiff's counsel during a class certification hearing in a different (but factually similar) lawsuit.[5]

---

[2] *Burns v. Windsor Insurance Co.*, 31 F.3d 1092, 1094 (11th Cir. 1994).
[3] *Woolard v. Heyer-Schulte*, 791 F. Supp. 294, 296 (S.D. Fla. 1992), *citing Wright v. Continental Casualty Co.*, 456 F. Supp. 1075, 1078 (M.D. Fla. 1978).
[4] *Lewis v. AT&T Corp.*, 898 F. Supp. 907, 909 (S.D. Fla. 1995); *Shear Healthcare Resources, Inc. v. TNI Inc.*, 1994 WL 383936, at *2 (M.D. Fla. 1994).
[5] *See generally Martin v. Mentor Corp.*, 142 F. Supp.2d 1346 (M.D. Fla. 2001) (proposal for settlement sent to defendant demanding $175,000 for a release of all claims provided adequate basis for the court to determine that the amount in controversy was present); *Burns*, 31 F.3d at 1097 (offer of settlement for $45,000 "counts for something" with respect to the jurisdictional amount); *Essenson v. Coale*, 848 F. Supp. 987 (M.D. Fla. 1994) (plaintiff's offer of judgment could be used to demonstrate amount in controversy); *Pease v. Medtronic, Inc.*, 6 F. Supp.2d 1354, 1357 (S.D. Fla. 1998) (punitive damages and prior assessments were considered as part of jurisdictional amount); *Occidental Chemical Corp. v. Bullard*, 995 F.2d 1046 (11th Cir. 1993) (appraiser's affidavit regarding property valuation demonstrated an appropriate amount in controversy existed); *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1265 (11th Cir. 2000) ("When a statute authorizes the recovery of attorney's fees, a reasonable amount of those fees is included in the amount in controversy"); *Velez v. Crown Life Insurance*, 599 F.2d 471, 474 (1st Cir. 1979) (where attorney's fees are provided by contract or statute, they are properly included in determining amount in controversy).

11. By no means is federal diversity jurisdiction limited to actions for damages. An action seeking equitable relief simply requires a different calculus to determine whether the jurisdictional amount is present. In such instances, the court looks to the "value of the object of the litigation."[6]

12. For example, in *Occidental Chemical Corp. v. Bullard*, 995 F.2d 1046 (11th Cir. 1993), a phosphate company that held a mineral lease on property in north Florida sued the property owner for specific performance of a purchase option contained in the lease agreement. Reversing the district court's finding that the company failed to demonstrate an adequate amount in controversy, the 11th Circuit equated the affidavit of a real estate appraiser setting the value of the property at $98,350 to the "value of the object of the litigation," and concluded that the jurisdictional threshold had been met. *Id.* at 1047. Similarly, the case at issue involves an eviction which was recently filed against the Defendants while the case was removed to the federal court. (See Exhibit 1).

## COMPLETE DIVERSITY REQUIREMENT

13. The Constitution provides concurrent federal jurisdiction in actions between "citizens of different states." In the case of *Strawbridge v. Curtis*, 7 U.S. 267 (1806), the Supreme Court interpreted this language to require what has come to be known as "complete" diversity in federal jurisdiction. Thus, for federal jurisdiction to exist, each and every defendant in an action must be a citizen of a different state from that of any named plaintiff. This holds true since JP MORGAN CHASE BANK NATIONAL ASSOCIATION, AS SUCCESSOR TO WASHINGTON MUTUAL BANK is a fictitious entity headquartered in the state of New York.

---

[6] *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347-48 (1977); *Bullard*, 995 F.2d at 1047; *Shell Oil Co. v. Altina Associates, Inc.*, 866 F. Supp. 536 (M.D. Fla. 1994).

14. Determining the geographic residency of a party is relatively straightforward. For purposes of diversity jurisdiction, an individual is a resident of the state wherein he or she is domiciled.[7] In the instant matter, both defendants are residents of Florida.

15. Domicile, in turn, consists of two factors: residence within a particular state and an intent to remain therein.[8] A corporation's residency is *both* the state of incorporation and the state where it has its principal place of business.[9]

16. The Eleventh has remarked that "[u]nserved resident fictitious defendants may not be ignored on removal if directed at all defendants jointly . . . ." *See Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir. 1983).

## REMOVAL PROCEDURE HAS BEEN PERFECTED
### *The Notice of Removal*

17. turning to the procedural aspects of diversity removal. Section 1446(a) of Title 28 states:

> [d]efendants desiring to remove any civil action... shall file in the district court of the United State for the district and division within which such action is pending a notice of removal... containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

18. Copies of all prior state court proceedings in the lawsuit, including the complaint,

---

[7] *Gonzalez v. Reno*, 86 F. Supp.2d 1167, 1183-84 (S.D. Fla. 2000); *Las Vistas Villas, S.A. v. Petersen*, 778 F. Supp. 1202, 1204 (M.D. Fla. 1991).
[8] Absent the requisite intention to remain, mere residence, by itself, is insufficient to confer diversity citizenship. *See Mitchell v. Mackey*, 915 F. Supp. 388, 391 (M.D. Ga. 1996).
[9] 28 U.S.C. §1332(c)(1); *Bel-Bel*, 162 F.3d at 1106 (affirming district court's finding that diversity existed; despite having a tomato farm, bank account, accountant, and attorneys in Florida, Panamanian corporation's principal place of business was Venezuela, where all of its shareholders were located and all its corporate decisions were made).

deposition transcripts, and any pending motions, should accompany the removal petition at the time of filing.[10]

19. The removing defendant must also submit a civil cover sheet and remit a filing fee in accordance with the pertinent district's requirements, and promptly provide written notice to all adverse parties and the clerk of the state court in which the case was pending regarding the filing of the removal notice.[11] Fed. R. Civ. P. 26(d) prohibits the commencement of discovery prior to the Rule 26(f) scheduling conference. Accordingly, any discovery requests that were served contemporaneously with the state court complaint should be refiled after the scheduling conference. Each Defendant contacted the Plaintiff's representatives and received no answer. The Defendants have prepared and submitted a proposed scheduling report for the court's review.

20. All Defendants have joined in the removal of the instant matter. See *Chicago, Rock Island & Pacific Ry. Co. v. Martin*, 178 U.S. 245 (1900), the federal courts have imposed this "unanimity rule" to require some form of positive affirmation on the part of each defendant stating that it consents to the lawsuit being removed.[12]

21. Assuming the party seeking removal complies with all the attendant procedural and administrative requirements, and all codefendants properly join in the notice, removal of the case is effective as of the date the petition is filed. The state court loses jurisdiction over the case upon

---

[10] *See* M.D. Fla. Loc. R. 4.02(b) ("[p]arty effecting removal shall file with the notice of removal a true and legible copy of all process, pleadings, orders, and other papers or exhibits of every kind, including depositions, then on file in the state court.").
[11] 28 U.S.C. §1446(d).
[12] *Russell Corp. v. American Home Assurance Co.*, 264 F.3d 1040, 1044 (11th Cir. 2001); *In re Ocean Marine Mutual Protection and Indemnity Ass'n, Ltd.*, 3 F.3d 353, 354-355 (11th Cir. 1993); *Smith v. Mail Boxes, Etc. USA, Inc.*, 191 F. Supp.2d 1155, 1158 (E.D. Cal. March 19, 2002).

the filing of the notice of removal.[13] Thereafter, it is powerless to proceed further in the case unless and until the district court issues an order remanding the case; any actions taken by the state court in the interim are a nullity.[14]

22. Fed. R. Civ. P. 81 provides that a defendant who has not filed a responsive pleading to the complaint 20 days from the date service was received, or five days after the filing of the removal petition, whichever is longer, must file an answer or present other defenses or objections.

23. None of the Defendants have filed an answer to the eviction and even though the removal was filed before the eviction took effect, the Plaintiff now stands before the court in violation of the removal which has been perfected. The removal was filed at 9AM ON APRIL 19 and the eviction order was entered thereafter at 9:45 A.M. on the same day. The Plaintiff, having knowledge that a removal was filed, therefore violated 28 U.S.C. §1446(b), because the defendants filed the notice within 30 days "[after receipt by the defendant, through service or otherwise, of a copy of the initial pleading" alleging the claim for relief for the eviction.

24. 28 U.S.C. §1446(b) also provides an opportunity to seek federal jurisdiction in those instances where, subsequent to the initial pleading, a defendant receives "an amended pleading,

---

[13] *Maseda v. Honda Motor Co., Ltd.*, 861 F.2d 1248, n.11 (11th Cir. 1988); *University Books and Videos, Inc. v. Metropolitan Dade County*, 930 F. Supp. 1534, 1536 (S.D. Fla. 1996).
[14] 28 U.S.C. §1446(d) (filing notice of removal and serving notice to adverse parties and clerk of the court "shall effect the removal and the state court shall proceed no further unless and until the case is remanded."); *Allstate Insurance Co. v. Preston*, 842 F. Supp. 1441, 1443 (S.D. Fla. 1992), *Preston v. Allstate Insurance Co.*, 627 So. 2d 1322 (Fla. 3d D.C.A. 1993) (in interim between filing of removal notice in federal court and filing notification in state court, both courts had concurrent jurisdiction; however, once the notice was received by the state court, the state court's jurisdiction ended "retroactively" as of the date the notice was filed in federal court); *Remova Pool Fence Co. v. Roth*, 647 So. 2d 1022 (Fla. 4th D.C.A. 1994) (order awarding attorneys' fees entered after receipt of notice of removal but before remand order was issued was void). *But see Wilson v. Sandstrom*, 317 So. 2d 732 (Fla. 1975) (where removal is shown to have been improper, state court's actions subsequent to the filing of notice are not void); *Hunneywell v. Palm Beach County*, 786 So. 2d 4 (Fla. 4th D.C.A. 2001) (same).

motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." This amended pleading can take place in the form of an amended judgment or eviction, as is the case here. In such an instance, the defendant has 30 days from the receipt of the pleading, motion, etc., in which to file a removal notice.[15] Thus, for example, when a husband and wife, three months after filing their complaint against a pacemaker manufacturer, sought leave to amend to include a claim for punitive damages, that motion "served as [the] trigger" to commence the running of the "30-day clock" for the defendant to seek removal.[16]

25. As Judge Conway of the Middle District of Florida put it, the defendant did not "dilly-dally" in state court while it decides whether it wants to proceed in federal court. *See Kam Hon, Inc. v. Cigna Fire Underwriters Ins. Co.*, 933 F. Supp. 1060, 1063 (1996).

26. Under the rule known as the "last served" rule, any defendant has 30 days to remove from the date it received service no matter when the other defendants were previously served, appears to be gaining acceptance in the courts.[17]

27. In *Collings v. E-Z Serve Convenience Stores, Inc.*, 936 F. Supp. 892, 894-95 (N.D. Fla. 1996), Judge Vinson reasoned that application of the first served rule constituted an inequitable denial of a litigant's right to remove a case. Reading §1446(a) in parity with Rule 11, the district court held that each defendant must be allowed a full 30 days "[t]o investigate the

---

[15] 28 U.S.C. §1446(b).
[16] *Pease*, 6 F. Supp.2d at 1358.
[17] *See, e.g., Marano Enterprises of Kansas v. Z-Teca Restaurants, L.P.*, 254 F.3d 753, 757 (8th Cir. 2001); *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 532-33 (6th Cir. 1999); *Smith v. Mail Boxes, Etc., USA, Inc.*, 191 F. Supp.2d 1155, 1161 (E.D. Ca. March 19, 2002); *Orlick v. J.D. Carton & Son, Inc.*, 144 F. Supp.2d 337, 342 (D.N.J. 2001); *Griffith v. American Home Products, Corp.*, 85 F. Supp.2d 995, 1000-01 (E.D.Wash. 2000).

appropriateness of removal."[18]  This is the case here where RAFAEL BURGOS-VAZQUEZ has only recently been served the eviction.

28. To rule otherwise "[o]pens the way for the plaintiff to deliberately avoid removal by delayed service upon a defendant anticipated to seek removal."[19]  The court further held that the initially served defendant who allowed the 30-day time period to run may join with a subsequently served defendant's removal petition,[20] an inequitable, but unavoidable consequence of the last served rule's application.

29. The district court should typically hold an evidentiary hearing in order to determine whether the case can be properly removed, as this issue is best reserved for hearing.[21]

## CONCLUSION

For all the following reasons, Plaintiff should be allowed to continue his removal proceedings and complete discovery in order to demonstrate evidence in support of his removal.  To the extent that the court would decide otherwise, the defendants prey for an audience with the court to further provide evidence for their removal.

## CERTIFICATE OF GOOD FAITH CONFERENCE

Defendants did call Plaintiff's counsel about the relief sought in this motion and the Court's order for a 26(f) conference.  None of the opposing parties returned the Defendants calls.  Therefore, the Defendants have complied with Rule 7.1 (a)(3) regarding the requested relief sought.

---

[18] *Collings*, 936 F. Supp. at 895.
[19] *Id.* at 894.
[20] *Id.* at 895.
[21] *Wright*, 456 F. Supp. at 1078 ("[a] hearing may be necessary to determine if the allegations of the petition for removal are true.").

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the original was filed with the Court and a copy of the foregoing was furnished by United States Mail, postage prepaid and properly addressed this (date) __6-15-17__ :

Respectfully Submitted By,

__RAFAEL BURGOS-VAZQUEZ__
RAFAEL BURGOS-VAZQUEZ
P.O. Box 221967
Hollywood, FL 33022

JUAN M. GOMEZ
P.O. Box 221967
Hollywood, FL 33022

## SERVICE LIST

The Law Offices of Shapiro, Fishman & Gache, LLP
1 Woodland Corporate Blvd. #100
Tampa, FL 33614

2424 N Federal Hwy # 360, Boca Raton, FL 33431